CITY OF BANGOR, petitioner for *Mandamus,*

*vs.*

COUNTY COMMISSIONERS.

Penobscot.     Opinion March 15, 1895.

*Mandamus.     County Commissioners.     Patrol Wagon.     R. S., c. 116, § 5.*

1.  It does not follow because an officer deems a conveyance necessary for persons arrested for offenses, and makes a charge therefor, that it is the duty of the county commissioners to pass upon it, notwithstanding the court issuing the warrant certifies to the same.

It is only in certain classes of cases passing through such courts that the costs under any circumstances are to be passed upon by the commissioners.

2.  In *mandamus* proceedings no relief can be granted except as prayed for, and the mandate must be certain in relation to the duty required of the defendant.

A petition that asks for a mandate, which the respondents have no power fully to comply with, will be denied when it is apparent that a portion of the matter upon which the respondents are to be required to act is not within the scope of their authority.

3.  *Mandamus* is strictly a legal remedy, and not equitable, and the petitioner must show a legal right to have the act done which is sought by the writ.

*Held;* if the officers are entitled to the fees which are required as "reasonable expenses incurred in the conveyance of any prisoners" (R. S., c. 116, § 5), certainly the city has no claim for such fees, and there is nothing in the petition which shows that any such "reasonable expenses incurred" have ever become vested in the city.

4.  Even if the city were to be regarded as standing in the same relation to these matters as the officers who made the arrests and if the commissioners have power to act on all of them, it would be a matter for their determination upon all the facts in the case; and in this they would be acting in a judicial function, and the power would be discretionary with them; and as there is no pretense that they have refused to act at all, but that they have considered the matter and rendered judgment thereon, their decision is not to be called in question, for this court, even though it possesses the power to require their action, has no power to direct what judgment shall be given by them.

ON REPORT.

The case appears in the opinion.

*H. L. Mitchell,* city solicitor, for petitioners.

*Mandamus* was introduced to prevent disorders from a failure of justice; therefore it ought to be used upon all occasions where the law has established no specific remedy and where in justice

and good government there ought to be one. *Springfield* v. *C. C. of Hampden*, 4 Pick. 68 ; *Com.* v. *Sessions of Hampden*, 2 Pick. 414 ; *Mendon* v. *Worcester*, 10 Pick. 235. *Mandamus* lies : To compel a court to accept a verdict improperly rejected. *Com.* v. *Norfolk*, 5 Mass. 437 ; *Com.* v. *Middlesex*, 9 Mass. 388. To compel a court to certify recognizances to another court. *Johnson* v. *Randall*, 7 Mass. 340. To correct decision of examiners as to county commissioners. *Ex parte Strong*, 20 Pick. 484. In all cases of neglect of judicial or ministerial duty. *Carpenter* v. *Bristol*, 21 Pick. 258. To compel county commissioners to pay damages. *Harrington* v. *Berkshire*, 22 Pick. 263. To compel county commissioners to assess damages. *Dodge* v. *Essex Com.* 3 Met. 380. To compel county commissioners to certify petitioner's election. *Ellis* v. *Bristol*, 2 Gray, 370.

The statute in this case provides that for a service of a warrant the officer is allowed fifty cents and fifty cents for service of a mittimus, usual travel, with reasonable expenses incurred in the conveyance of such prisoner. Therefore, the county commissioners would have just as great a right to disallow the fifty cents for the service of a warrant and mittimus and the travel on the same, as they would to disallow a reasonable charge for the conveyance of prisoners. Should they disallow these items, it would not be in the exercise of a discretion, but it would be in the nature of an arbitrary assumption of authority ; it would be an illegal act ; it would be a proceeding on their part which would give the officer a right to come before this court and ask for a writ to compel them to audit and allow their fees as provided by statute.

If the court should come to the conclusion that the question of allowance for conveyance of prisoner, as asked in this petition, was a matter of discretion upon the part of the county commissioners, then we submit that this discretion has been exercised with manifest injustice towards the petitioners : therefore, this court should intervene and see that equity is done. *Davis* v. *York*, 63 Maine, 397 ; *Belcher* v. *Treat*, 61 Maine, 577.

*C. A. Bailey*, county attorney, for respondents.

SITTING: EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J., being interested did not sit.

FOSTER, J. Petition for *mandamus* to compel the county commissioners of Penobscot county to allow and order paid from the county treasury a particular charge returned by the police officers of Bangor on sundry criminal processes served by them during the six months next preceding the first day of October, 1893.

The petition sets forth in substance that the city of Bangor keeps a patrol wagon for the use of its police department; that when making arrests of offenders its police officers use this patrol wagon to transport such offenders to the police station; that they return upon the warrants, upon which these arrests are made, fifty cents for the use of the wagon in each case where it is used; that this fifty cents belongs to the city of Bangor; that this charge is allowed by the municipal court of said city and certified by the clerk of that court to the county commissioners in all cases where the same is not paid in said court, and specifies three hundred and forty-six cases which were so certified during the six months mentioned, and that the same has been disallowed by the said commissioners. The petition further states that, in all of these cases, the officer making the arrest certified that a conveyance was necessary, and that the charge for this patrol wagon is a reasonable and proper charge, and that the same should be allowed by the commissioners as a reasonable expense incurred in the conveyance of prisoners, and prays that the commissioners shall be commanded to allow the city a reasonable sum for the conveyance of the prisoners, named in the list which is annexed, and that the sum be placed at fifty cents each.

There are several objections why this petition should not be granted. It is sufficient to mention a few only.

I. It does not follow because an officer deems a conveyance necessary and makes a charge therefor, that it is the duty of the county commissioners to pass upon it, notwithstanding the court issuing the warrant certifies to the same. It is only in

certain classes of cases, passing through such courts, that the costs under any circumstances are to be passed upon by the commissioners. This is plain from an examination of the statute in relation to such matters. R. S., c. 132, §§ 19, 20. But regardless of the limitation provided in the statute, the petition states that in all cases where the patrol wagon was used, and the costs, including this charge, were not paid to the municipal court, they were certified to the commissioners. In this list of three hundred and forty-six cases no discrimination has been made between those in relation to which the commissioners have a duty and those wherein they have none as declared in the sections of the statute referred to.

II. In *mandamus* proceedings it is a general rule that no specific relief can be granted except as prayed for, and that the mandate must be certain in relation to the duty required of the defendant. *Hartshorn* v. *Assessors of Ellsworth*, 60 Maine, 276 ; 2 Spelling Ex. Rem. § 1653.

This petition calls for a mandate which the respondents have no power fully to comply with, for it is apparent that a portion of the matters upon which the respondents, by the petition, are to be required to act, are not within the scope of their authority.

III. *Mandamus* is strictly a legal remedy, and not equitable, and the petitioner must show a legal right to have the act done which is sought by the writ.

What right, then, does the petitioner show to entitle it to this process?

Admitting that police officers within the city of Bangor have all the powers in criminal matters which deputy sheriffs have, and are entitled to the same fees, the statute expressly provides who is entitled not only to the fees, but "reasonable expenses incurred in the conveyance of any prisoner." This is the statute : "For the service of a warrant, the officer is entitled to fifty cents . . . and usual travel, with reasonable expenses incurred in the conveyance of each prisoner." R. S., c. 111, § 5.

It is the officer who serves the warrant who has a claim for the conveyance of prisoners. He alone by statute is the person legally entitled to any claim for "reasonable expenses incurred

in the conveyance" of prisoners. There is nothing in the petition to indicate in what way or manner the title to the fees and "reasonable expenses incurred" become vested in the city. But in this matter it nowhere appears that the officers, making the arrests specified, incurred any expense for which they are entitled to reimbursement.

IV. Even if the city were to be regarded as standing in the same relation to these matters as the officers who made ·the arrests, and if, furthermore, the respondents have power to act on all of them, the only claim set up is for "reasonable expenses incurred in the conveyance of prisoners," then this would be a matter for determination by the respondents upon all the facts in the case, by virtue of that provision of the statute already cited, which commits such matters to them for revision and correction. In that they would be acting in a judicial function. They are made the judges of what the reasonable expenses of conveying prisoners are, and the legislature has not seen fit to provide any appeal from their determination in such cases. It is a discretionary power.

The petition does not allege that the respondents refuse to act on the matters complained of, but expressly affirms that they have considered them and rendered judgment thereon. This court has power, in proper cases, to require an inferior tribunal to act,—to exercise its judgment and discretion,—but it has no power to direct what judgment it shall give. The application here is to overrule the action already taken and direct just what judgment these respondents shall enter in the premises in lieu of their own.

In *State* v. *Commissioners of Hamilton Co.* 26 Ohio St. 364, it was held that a mere averment that the commissioners refused to order a claim paid, does not sustain an application for *mandamus* to compel them to act, for if they had power to act, the presumption is they considered and rejected the claim. *A fortiori*, should this application be disallowed when it is affirmatively stated that they acted upon the claims and disallowed them.

．*Writ denied. Judgment for the respondents with costs.*