SAMUEL KNIGHT, and others, Petrs. for Mandamus,

*vs.*

EUGENE THOMAS, and others.

Sagadahoc.    Opinion January 11, 1900.

*Mandamus.   Taxes.   R. S., c. 77, § 6.*

While it is settled law in this state that a writ of mandamus can issue only at the instance of public officers to subserve a public right, yet an individual may move for the writ when his personal rights have been invaded beyond those rights which he enjoys as a part of the public and that are common to every one.

By omitting property in his own town from taxation, the personal interest of a tax-paying citizen is invaded beyond that enjoyed in common with the public, and he may be allowed to move for a writ of mandamus to the assessors in protection of it.

An individual taxpayer may have the writ to compel the assessors to act,—that is, to assess all the property in their town; but the valuation thereof must be fixed by them according to their own honest judgment, which cannot be revised by mandamus.

The writ of mandamus is a prerogative, to be granted or withheld at the discretion of the court.   It is not a writ of right.   *Held;* that it will not be granted when to issue it would be but idle ceremony, when, as in this case, the assessments complained of have been long since completed.

ON EXCEPTIONS BY PLAINTIFF.

This was a petition of Samuel Knight, and fourteen other tax-payers and residents of Topsham, for a writ of mandamus against the assessors of taxes in that town.   The petition was filed April 21, 1899, and alleged as follows:

"That the Pejepscot Paper Company is a corporation duly organized by law, having a place of business at said Topsham, and on said first day of said April was the owner and possessor of property situated in said Topsham subject to taxation as aforesaid.

"That the inhabitants of said town of Topsham at a meeting called for that purpose, and held on the twenty-ninth day of October, 1892, passed the following vote:

" Voted ; that the selectmen and assessors be and are hereby instructed not to place a valuation for taxation exceeding thirty thousand dollars during the ten years next ensuing on the lands and erections that may be made thereon during the same ten years, and water power and rights on Androscoggin River, being the privilege which Eliphalet M. Dennison, deceased, owned, but this shall not apply to dwellings or tenement houses or the lots on which they may be.

" That the assessors of said town of Topsham in each year since said 1892 have made the assessment of said taxes upon the property of said company situated in said Topsham and described in said vote, in accordance therewith, although the just value of said property has been in each of said years, and especially on the first day of April aforesaid, was far in excess of the sum of thirty thousand dollars, namely the sum of four hundred thousand dollars, as your petitioners are informed and believe.

" That the Sagadahoc Agricultural and Horticultural Society is a corporation duly established by law, having a place of business in said Topsham, and on said first day of April was the owner and possessor of certain property situated in said Topsham subject to taxation for the purposes aforesaid, and that said town of Topsham has voted to exempt said property from taxation.

" That the assessors for said town of Topsham for the current municipal year are Eugene Thomas, Joseph P. Whitney, Alden Q. Goud.

" That your petitioners are informed and believe that said assessors do not intend to value the property of said corporations as aforesaid for purposes of taxation for state, county, and town taxes for the current year at its just value on said first day of April, but have avowed their intention to be governed as to the valuation and exemption thereof by the votes aforesaid.

" Wherefore, your petitioners pray that a writ of mandamus may be issued to said assessors, commanding them to apportion and assess said state, county and town taxes for the current municipal year upon said property according to the just value thereof on said first day of April, 1899."

The petition was duly signed and sworn to by the subscribers. A summons to the respondents was ordered on May 3 to issue and made returnable at judges chambers in Auburn May 10, where a hearing took place Thomas and the other assessors filed a motion to discharge the rule to show cause, as also did the Pejepscot Paper Company. These motions were sustained and, exceptions having been allowed, the cause was by agreement of the parties entered at the May law term, Middle District.

The principal grounds set forth in the motion to dismiss were as follows: . . . .

6. "That said petitioners are all private and unofficial persons, having no interest in the subject matter of the petition other than their interests therein in common with the public at large, and that a writ of mandamus issued on said petition would subserve public rights only.

7. "That said petition contains no averment of any default or intended default on the part of the respondents therein named as assessors of said town of Topsham, in the performance of their official duty, and shows no reason for proceeding by mandamus against any respondent named in said petition.

8. "That for these and other reasons apparent upon the face of the petition, no ground whatever for interference by this court by writ of mandamus is shown."

*F. E. Southard*, for plaintiffs.

Objection 6: "There is much authority that a private person may move for the writ to enforce a public duty, not due the government as such, without the intervention of the Government law officer." *Union Pacific R. R.* v. *Hall*, 91 U. S. 355, and cases cited.

The Massachusetts courts are showing symptoms of coming around to this most reasonable doctrine. The petitioners in *Richards* v. *Co. Com. of Bristol*, 120 Mass. 401, do not appear to have any interest in the completion of the way asked for, except as a part of the general public, and in *Atty. Gen'l* v. *Boston*, 123 Mass. 479, the rule in *R. R.* v. *Hall*, supra, is quoted with evident friendliness. In *Larcom* v. *Olin*, 160 Mass. 102, the writ was

issued upon the petition of inhabitants, tax payers and voters of Beverly, but the question of the right of the petitioners to move for the writ was not passed upon.    It is but a step, and a short and easy one, too, for the Massachusetts court to take, to adopt the United States rule.    There are many reasons why they should take this step, and none against it.

But upon the rule as adopted by this court in *Sanger* v. *Co. Com.* 25 Maine, 291, and *Weeks* v. *Smith*, 81 Maine, 538, these petitioners are proper parties to ask for this writ.    Private persons may move, when they have a special interest beyond that of the public at large.    *Wellington's Case*, 16 Pick. 87; *Sanger* v. *Co. Com.* 25 Maine, 291; *Weeks* v. *Smith*, 81 Maine, 538; *Brunswick* v. *Bath*, 90 Maine, 479; *Adams* v. *Ulmer*, 91 Maine, 47.

By the public is meant all the citizens, and every member of the state.    1 Gr. Ev. § 128.    The whole body politic or all the citizens of the state.    Bouv. Law Dict.; Standard Dict. "Public."

Every tax payer in the state has the right to have taxes assessed therein according to law;—that is the public right.    Beyond and in addition to this, every tax payer has a special right to have the taxes in his own town assessed in the same manner, for though it does not affect tax payers of other municipalities if half the taxable property therein is exempted from taxation by the assessors, it is of vital moment to the tax paying residents of that town.    Every dollar of tax which taxable property therein escapes, must be borne by the rest of the taxable property therein, and by actual computation in this case of every seven dollars paid by the tax payers of Topsham other than the Pejepscot Paper Company, one dollar is on account of the inadequate valuation of its property.    And the tax payers of the other towns of the state are not affected.    Can anything be clearer than the proposition that these petitioners have an interest in the valuation of property and assessment of taxes thereon in their own town beyond that of the public at large?    This brings the petitioners within the rule as laid down by this court, and entitles them to move for this writ.    13 Ency. Pleading and Practice, 642.

Objection 7 :    It is unfair and unworthy of men charged on their oaths with a public duty.    The petition alleges that the assessors

have avowed their intention to be governed in the valuation of the Paper Company's plant by the vote of the town,—a grossly inadequate valuation. They have filed no answer denying it. If they had intended to exercise their judgment in fixing this value, they could and should have said so. Instead of a frank avowal of their intention they file this motion. A formal demand and refusal to perform a public duty have been held not a necessary preliminary to the filing of a petition for mandamus. 127 Ill. 613.

*Weston Thompson*, for defendant assessors.

*J. W. Symonds, D. W. Snow, C. S. Cook and C. L. Hutchinson*, for Pejepscot Paper Company.

"Questions of much nicety have frequently arisen" in determining how far the writ of mandamus may be employed in cases of this class "without encroaching upon the element of sovereignty which is a necessary incident to the exercise of the taxing power." High, Extr. Legal Rem. § 368.

These petitioners seek to enforce performance of "a general duty of providing for the payment of all indebtedness against the municipality" and not a special duty to levy a tax for a particular purpose. It has been held that in cases of this class, mandamus will not lie. High, Extr. Legal Rem. § 369, citing *State* v. *City of Davenport*, 12 Iowa, 335.

In a case of the other class, where a "special duty" was involved, it was said that "where no private rights have as yet been affected by the proceedings, a mere individual tax-payer, who has no other interest than the public generally, is not entitled to the writ." High, Extr. Legal Rem. § 371, citing *People* v. *Supervisors of Vermilion*, 47 Ill. 259.

The assessors are not servants of the town. They are public officers—servants of the law. Petitioners seek to compel their performance of a purely public duty which their official oath requires and which they have not yet neglected or refused to execute. The petition does not allege such neglect or refusal. It merely alleges that the petitioners are informed and believe.

Mandamus will not issue in a case of this kind at the instance of these petitioners, who are all private and unofficial persons. Such

person is competent to call for the writ "in those cases only where he has some private or particular interest to be subserved, or some particular right to be pursued or protected by the aid of this process, independent of that which he holds in common with the public at large. It is for the public officers, exclusively, to apply for such writ when the public rights are to be subserved." *Sanger* v. *Co. Com.* 25 Maine, 291.

This doctrine is not acknowledged in all jurisdictions, but "it has for a very long time been well settled law in this state." *Mitchell* v. *Boardman,* 79 Maine, 469; *Weeks* v. *Smith,* 81 Maine, 538. And it is law elsewhere. *Wellington's case,* 16 Pick. 187; *Heffner* v. *Commonwealth,* 28 Pa. St. 108; *Delbridge* v. *Green,* 29 Mich. 121; *People* v. *Regents of University,* 4 Mich. 98; *People* v. *Inspectors of State Prison,* 4 Mich. 187; Wood, Mandamus, 96; *State* v. *Hollingshead,* 47 N. J. L. 437. See also *Emery* v. *Sanford,* 92 Maine, 525.

This case falls within the reason of the rule which is supported by our citations. The duty is purely public. Whether the petitioners are damnified depends on the fairness of the valuations of their own estates as well as of the property here called in question. It cannot be seen that there is a private grievance without going into questions that cannot be investigated on this application. Public officers should be trusted to protect public interests. It will keep the writ of mandamus busy, if it must respond to the call of every jealous tax-payer who claims that undervaluation is exemption. The appraisal is for the discretion of the assessors, not to be controlled by mandamus. It is not pretended that the assessors have neglected or refused to act or that they do not intend to act. Petitioners do not even allege that they have been so informed or that they so believe.

In the assessment of state, county and town taxes, the titles and values are regarded as they stand April 1; but the statute does not require that an impossible assessment be made on that day. Time is allowed for the assessment afterwards. R. S., c. 6, §§ 106–110. Mandamus does not lie for anticipated delinquency, even though it be threatened.

SITTING: PETERS, C. J., HASKELL, WHITEHOUSE, STROUT, FOGLER, JJ.

HASKELL, J. Petition for mandamus by several taxpayers of a town to compel the assessors to assess certain real estate in the town at a just and fair valuation, that had previously been undervalued, and to assess certain other real estate that had theretofore been omitted from taxation.

I. It is objected that the writ cannot issue at the instance of the petitioners, who are individuals.

It is settled law, in this state, that the writ can only issue at the instance of public officers, to subserve a public right. *Sanger* v. *County Commissioners*, 25 Maine, 291; *Mitchell* v. *Boardman*, 79 Maine, 469; *Weeks* v. *Smith*, 81 Maine, 538. But, as stated in the last named case, an individual may move for the writ " when his personal rights have been invaded beyond those rights that he enjoys as a part of the public and that are common to every one."

The public consists of the entire community, persons who pay taxes and persons who do not. Their interest is the raising of revenue by taxation or otherwise to provide for the expenses of government, public works, public institutions and public charges. The individual taxpayer's interest is in common with all these, but he has another interest peculiar to himself, that taxes shall be assessed equally, so that his burden shall not be greater than equality of taxation shall impose. His personal interest, therefore, by the omitting of property from taxation in his own town would be invaded thereby beyond that enjoyed in common with the public, and he may well be allowed to move for the writ in protection of it.

II. It is objected that the writ will not lie to command assessors, who intend to assess a certain parcel of land, to assess the same at its just and fair value. Their oath requires them to do that, and mandamus could not require more. It may require them to assess, but the assessment is matter of judgment, and it must be their own judgment, honestly given of course. Any other assess-

ment would be corrupt, and the remedy for that must be elsewhere. Otherwise, mandamus would simply work an appeal from the appraisal of property made by the assessors, which is not at all the proper function of the writ. To have all the property assessed is a private right; to have the assessment according to law is a public right. The assessors are public officers, sworn to a faithful discharge of their duty. The individual has a right to have them act. The public has the right to their official action, honestly performed under their oath, and with this the individual must be content, unless the legislature shall provide a remedy. The legislature has already provided such remedy as it thought wise by R. S., c. 77, § 6, where jurisdiction is conferred upon this court to hear and determine all complaints relating to any unauthorized votes to raise money by taxation, or to exempt property therefrom.

III. As to the land not assessed, the petitioner might have had the writ if the court below, in its discretion, had seen fit to award it, for the writ is a prerogative to be withheld or granted in the exercise of discretion. It is not a writ of right. *Morsell* v. *First Natl. Bank of Washington*, 91 U. S. 357. Nor can it now be issued to any effective purpose. The assessment must have long since been made. To issue it would be an idle ceremony. *Mitchell* v. *Boardman*, 79 Maine, 471. The petitioner is not aggrieved by the ruling below.

*Exceptions overruled. Petition dismissed.*