GEORGE C. NICHOLS, Pet'r, *vs.* ARTHUR J. DUNTON, et als.

Sagadahoc.    Opinion April 5, 1915.

*Exceptions.    Judicial Duty.    Mandamus.    Ministerial Duties.    Motion.*
*Petition.    Writ.*

1.   When the law requires a public officer to do a specified act, in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act and with no power to exercise discretion, the duty is ministerial in character and performance may be compelled by mandamus, if there is no other remedy.

2.   When the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act shall be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance.

On exceptions by petitioner.  Exceptions overruled.  Petition dismissed with additional costs.

This is a petition for a writ of mandamus in which the petitioner asks that the Mayor and Aldermen of the City of Bath be compelled to give him an "official and judicial hearing" on a complaint made by him to said Mayor and Aldermen against a police officer of said city, for alleged misconduct of said officer towards said petitioner.  Notice for a hearing on said petition was ordered.  The petition was filed

and the respondents filed a motion to dismiss the petition on the ground that the petitioner was not entitled by law to such official and judicial hearing. The Justice who heard the cause sustained the motion and dismissed the petition with costs. To this ruling the petitioner excepted. The case was thereupon certified to the Chief Justice of the Supreme Judicial Court for decision, as provided in R. S., Chap. 104, Sec. 18.

The case is stated in the opinion.

*Franklin P. Sprague,* for petitioner.

*Arthur J. Dunton,* for respondents.

SITTING: SPEAR, CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J. This is a petition for a writ of mandamus. The petitioner, feeling aggrieved by the conduct of a police officer of the City of Bath, filed a statement of his grievance with the respondents, who were then the Mayor and Aldermen of said city, and accompanied his statement with a demand that the officer be discharged from his official position. A copy of the petitioner's statement and demand make a part of the record, and while these do not disclose a request for a hearing before the board yet the petitioner avers in his bill that such a hearing was requested but never given.

This petition was then filed praying that a writ of mandamus might issue commanding the respondents to give the petitioner an official and judicial hearing upon his complaint and demand.

The respondents in due time filed a motion to dismiss the petition on the ground that the petitioner was not by law entitled to such official and judicial hearing. The Justice who heard the cause sustained the motion and dismissed the petition allowing costs to the defendants. To this ruling the petitioner seasonably excepted and exceptions were allowed.

While authorities are numerous and in entire harmony upon the point in issue, we find a well expressed statement in a very recent note to *State* v. *Stutsman,* 776 Ann. Cases, 1914D, where the following language is used; "When the law requires a public officer to do a specified act, in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act and with no power to exercise discretion, the duty is ministerial in character and performance may be compelled by mandamus if there is no

other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance." See also High's Extraordinary Legal Remedies, Sec. 24; Wood on Mandamus, Page 19; extensive note to *Dane* v. *Derby*, (54 Maine, 95) found in 89 Am. Dec., 722; and extensive note to *State* v. *Gardner*, 98 Am. St. Rep., 858; *Dennett* v. *Acme Mfg. Co.*, 106 Maine, 476.

The act of giving an official and judicial hearing by Mayor and Alderman, under the circumstances of the case at bar, is clearly within the rule of judicial and not ministerial duty, and the ruling that the motion to dismiss be sustained was correct.

*Exceptions overruled.*
*Petition dismissed with additional costs.*