EDWIN A. ROGERS

*vs.*

LAWRENCE A. BROWN, ET ALS,

SELECTMEN OF THE TOWN OF BRUNSWICK.

Cumberland.    Opinion, October 28, 1935.

*Joseph A. Aldred,*
*Verrill, Hale, Booth & Ives,* for petitioner.
*Clement F. Robinson,* for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.    The petitioner for a writ of certiorari in this proceeding applied to the selectmen of Brunswick for a license to plant and propagate clams on the flats adjoining his' lands in that town as authorized by P. L. 1933, Chap. 2, Sec. 43, *et seq.*, and his application was denied. His petition in the usual form prays that a writ of certiorari issue and the action of the selectmen be quashed. Their answer admits the truth of the facts alleged, asserts their authority to refuse to issue the license, and prays that the petition be dismissed. Without ordering the writ to issue, by agreement of the parties the case was certified forward on report.

The case is brought forward on report prematurely. If the tri-

bunal whose records are attacked has jurisdiction in the premises, a writ of certiorari is not one of right, but grantable at the sound discretion of the Court when it appears that some injustice will be done. *Levant* v. *Co. Com.*, 67 Me., 429; *White* v. *Co. Com.*, 70 Me., 317. On the hearing on the petition, the only question for the Court to determine is whether in its discretion it will issue the writ, and the grant of leave for the writ to issue is not a judgment that the record below be quashed. *Lord* v. *Co. Com.*, 105 Me., 556; *Stevens* v. *Co. Com.*, 97 Me., 121. Nor is a denial of the petition an affirmation of the record attacked in the petition. In order to make that adjudication, the writ must issue and the record attacked be before the Court. *Ford* v. *Erskine*, 109 Me., 164. The report in this case falls into the well-settled rule that cases should be disposed of at *nisi prius* and should not be sent to the Law Court upon report at the request of the parties, except at such stage or upon such stipulation that a decision of the question may in one alternative at least supersede further proceedings. *Casualty Co.* v. *Granite Co.*, 102 Me., 148; *Libby* v. *Water Co.*, 125 Me., 144; *Cheney* v. *Richards*, 130 Me., 288, 290. No stipulation can sweep away the established rules of procedure and confer power on the Court to render final judgment on a mere petition for certiorari.

Furthermore, the petitioner has mistaken his remedy. The relief sought, as the brief discloses, is an order directing the issuance of the license for which application has been made. It is the office of the writ of mandamus to compel inferior tribunals, magistrates and officers to perform a duty imposed upon them by law. *Williams* v. *Co. Com.*, 35 Me., 345; *Townes* v. *Nichols*, 73 Me., 515, 517. The writ of certiorari issues only to review and correct proceedings of bodies and officers acting in a judicial or quasi judicial capacity. *Frankfort* v. *Co. Com.*, 40 Me., 391; *Nobleboro* v. *Co. Com.*, 68 Me., 551; *Devlin* v. *Dalton*, 171 Mass., 338, 341; *People, ex rel, Trustees* v. *Board Supervisors*, 131 N. Y., 468; 4 Encyc: Pl. & Pr., 39; 5 R. C. L., 258; 11 C. J., 90, and cases cited. As is said in 2 *Spelling on Ex. Remedies*, Sec. 1958, "Where an officer or official body is charged with a legal duty and upon proper application refuses to act, mandamus and not certiorari is the proper remedy for the party aggrieved, the proper function of the latter remedy being confined to a review of action already taken, rather than for

non-action." The propriety of resort to mandamus to compel the issuance of occupational or privilege licenses is well recognized. 18 R. C. L., 292; 125 Am. St. Rep. 505, 515 et seq.; 16 Annotated Cases, 184.

> *Report discharged.*
> *Case dismissed from the*
> *law docket.*