EDWIN A. ROGERS

*vs.*

LAWRENCE A. BROWN, JOHN O. RANDALL AND HERRICK T. NASON,
SELECTMEN OF THE TOWN OF BRUNSWICK.

Cumberland.      Opinion, March 6, 1937.

*Joseph A. Aldred,*
*Verrill, Hale, Booth & Ives,* for petitioner.
*Clement F. Robinson,* for respondents.

SITTING: DUNN, C. J., STURGIS, BARNES, HUDSON, MANSER, JJ.

118

DUNN, C. J.    Exception raises the question whether the decision of the selectmen of Brunswick, who heard, and denied, application, under P. L. 1933, Chap. 2, for a license to plant and cultivate clams, is subject to control by mandamus.

Petitioner alleged, and alternative writ recited, that the respondents refused him a license because they were not in sympathy with the policy of the law.

In their answer, or return, respondents stated, among other things, that having heard the applicant, and persons in opposition, their conclusion was that the best interests of the town required a refusal to grant the application. They submitted that their action in so refusing had been correct and legal.

The petitioner demurred to the return; by demurring, he must be deemed to admit all that is therein set forth, and to put his case on the issue that, taking the record as it stands, it furnishes no warrant in law for mandamus. *Randall, Pet'r,* 11 Allen, 473.

Peremptory writ was awarded. Respondents' exception was certified. R. S., Chap. 116, Sec. 17.

P. L. 1933, *supra,* commits to municipal officers, in towns affording opportunity for the propagation of clams, the duty of granting licenses.

It is for them, after previous notice, and public hearing, to determine whether the applicant has resided in the state, or been a taxpayer in the town, for not less than one year, and if a license, put into use, would materially obstruct navigation. A license shall be for not less than five years, but might be for not exceeding ten years, as the municipal officers may settle. No license may include more than one fourth of all the flats in the place. "Riparian" proprietors (littoral proprietors would seem more accurately to describe the condition,) are, on applying for locations on the foreshores adjacent their uplands, to have preferential consideration.

There is no grant to any such owner, either of license, or of absolute right to license. What the legislature has laid down comes to this: That on establishing the fact of ownership, holders of contiguous high lands shall have some advantage over other applicants.

"Shall" is not necessarily mandatory. 57 C. J., 552.

" 'Shall' ought . . . to be construed as meaning 'must,' for the purpose of sustaining or enforcing an existing right; but it need not be

for creating a new one." *West Wisconsin Railway Company* v. *Foley*, 94 U. S., 100, 103, 24 Law Ed., 71.

The statute contemplates, not that one in occupancy of land abutting the seashore may, himself, have the power of choosing, in exclusiveness, a clam fishery location, but that, as to his shore front, he should rate before any other applicant. Had legislative intent been an outright license, there would be no occasion for application, no need for notice, no reason for hearing.

Mandamus is an extraordinary remedy. *Baker* v. *Johnson*, 41 Me., 15. It has been styled the right arm of the law. *Townes* v. *Nichols*, 73 Me., 515. The principal office of mandamus is to command and execute, rather than to inquire and investigate; mandamus requires action in obedience to law. *Attorney General* v. *Newell*, 85 Me., 246, 249, 27 A., 110; *Rogers* v. *Brown*, 134 Me., 88, 181 A., 667.

The writ is one requiring the doing of some specific duty, imposed by law, which the applicant, otherwise without remedy, is entitled to have performed.

The process cannot be used to work an appeal. *Knight* v. *Thomas*, 93 Me., 494, 501, 45 A., 499. Neither can it be used to coerce or superintend duty, in the discharge of which, by law, officers are given discretion. *Attorney General* v. *Newell*, supra.

Mandamus applies to judicial as well as ministerial acts. If the duty be judicial, the mandate will be to the officers to exercise their official discretion or judgment, without any direction as to the manner in which it shall be done. If it be ministerial, then the mandamus will direct the specific act to be performed. *Carpenter* v. *County Commissioners*, 21 Pick., 258. The purpose of the writ, as directed to public officers, is to make them do something the law requires them to do; not to do differently what they have already done.

Public officers can be directed to act, but not how to act, in matters as to which they have the right to exercise discretion; where power is so vested, the court does not grant mandamus, to alter determination. *Troy* v. *Barnitt* (N. J.), 165 A., 576; *Webster* v. *Ballou*, 108 Me., 522, 81 A., 1009.

Where duty is purely ministerial, where the officer can do only the one thing, he may, if there is no other adequate remedy, be liable to compulsion by mandamus. *Work* v. *United States*, 267 U. S.,

175, 45 S. Ct., 252, 69 Law Ed., 561; *Nichols* v. *Dunton*, 113 Me., 282, 93 A., 746. On the other hand, discretion must be left free; it cannot be specifically controlled. *Freeman* v. *Selectmen of New Haven*, 34 Conn., 406; *Kennebec Toll Bridge, Pet'r*, 11 Me., 263. See, too, *Lawrence* v. *Richards*, 111 Me., 95, 88 A., 92.

In *State* v. *Board of Supervisors*, 2 Pinney (Wis.) 552, Jackson, J. says: "A writ of mandamus is the highest judicial writ known to our constitution and laws, and, according to the long approved and well established authorities, only issues in cases where there is a specific legal right to be enforced, or where there is a positive duty to be and which can be performed, and where there is no other specific legal remedy. Where the legal right is doubtful, or where the performance of the duty rests in discretion, a writ of mandamus cannot rightfully issue."

When the law requires the decision of a question of fact, or whether an act shall be done or not, mandamus will not lie, to compel performance. *Nichols* v. *Dunton*, supra. This Court has no prerogative, in a mandamus proceeding, to say what the other tribunal shall decide; to point out what it should enter in lieu of its own best judgment. *Randall, Pet'r*, supra; *Bangor* v. *County Commissioners*, 87 Me., 294, 32 A., 903.

There are cases that, if, under the guise of discretion, manifest injustice is done, the court is not precluded from constraining that official action be honestly performed; that discretion, not its abuse, shall operate and have effect, and not be arbitrarily or capriciously refused. *Davis* v. *County Comissioners*, 63 Me., 396.

The present case does not fall in that category.

To be sure, there is, on the record, recital that the petitioner brought himself within the statute, and that the flats for which he asked a license are inclusive of less than one fourth part of all the flats in Brunswick. Granted, a case where the shore space might properly be assigned the applicant, there yet remains whether the license shall be for longer than five years, and whether the annual license fee be one dollar or not more than five dollars.

When a matter is left to discretionary power, which has been exexcised, mandamus will not be granted. *Gray* v. *Bridge*, 11 Pick., 189; *Davis* v. *County Commissioners*, supra; *Bangor* v. *County Commissioners*, supra.

The respondents have not neglected or refused to act. On the contrary, having authority to decide the matter, they did so on its merits.

The case of *Rogers* v. *Brown,* supra, is clearly distinguishable upon its pleadings.

*Exception sustained.*
*Writ quashed.*
*Petition dismissed.*