FIRST MANUFACTURERS NATIONAL BANK
OF LEWISTON AND AUBURN, ET AL.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Androscoggin.   Opinion, August 30, 1965.

*Skelton & Taintor,*
   by *Frederick G. Taintor* and
      *Charles H. Abbott,* for Plaintiffs.

*Jon R. Doyle, Asst. Atty. Gen.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, MARDEN, RUDMAN, JJ.

WILLIAMSON, C. J.    This is a complaint under Rule 80B M. R. C. P. by the plaintiff trustees under the will of John W. Wood to review administrative action of the defendant State Tax Assessor.    The trustees allege that they were aggrieved by the refusal of the State Tax Assessor to effect a compromise of inheritance tax.    On motion of the defendant, judgment dismissing the complaint on the pleadings was entered.    The plaintiffs appeal.

The plaintiffs seek to have the decision set aside and the cause remanded with instructions that the State Tax Assessor shall enter into good faith negotiations for the settlement of the inheritance tax based on the value of the trust as of the date of the death of the decedent John W. Wood.

The statute under which the plaintiffs seek action reads:

"In case it is impossible *either to determine the persons entitled to an interest or* to compute the present value of any interest, the state tax assessor may *and to promote the early settlement of taxes shall endeavor to,* with the approval of the attorney general, effect such settlement of the tax as he shall deem [*reasonable in the best interests*] of the state, and payment of the sum so agreed upon shall be full satisfaction of such tax. Executors, administrators and trustees are authorized and empowered to compromise the amount of tax with the state tax assessor." R. S., 1954, c. 155, § 12, as amended 1961, c. 187; now 36 M. R. S. A., § 3635. The 1961 amendment is emphasized; the clause in brackets prior to 1961 read "for the best interest."

We summarize the facts presented by the pleadings as follows:

The trust fund was created under the will of John W. Wood probated in 1948. On the death of the testator's widow, who had certain rights of invasion of the trust, it became possible to compute the value of the remainder interests. From at least May 1963 the trustees have raised the possibility of a settlement of the inheritance tax under Section 12 *supra,* based on a valuation as of the testator's death. The defendant indicated he would not compromise other than on a new valuation of existing assets. On the defendant's request for such a valuation, the plaintiffs refused to "disclose the present market value of the trust because of the fact that it changes from day to day and is irrelevant, for compromise purposes, to the determination of the Inheritance Tax." The defendant replied, "On the

basis of information presently available it does not appear that it would be in the best interests of the State to compromise inheritance taxes . . . as suggested [by the plaintiffs]." The present complaint followed.

The position of the parties may be briefly stated. The plaintiffs wish to compromise the tax under Section 12 *supra,* and insist that the controlling valuation is as of the date of testator's death. The defendant on his part refuses to enter into negotiations without information of the present market value of existing assets of the trust. The plaintiffs seek at the outset to compel the defendant to endeavor to effect a settlement of the tax under Section 12 *supra.* In short, they demand that the defendant come to the conference table on their terms.

The duty of the defendant under the statute to "endeavor to, with the approval of the attorney general, effect such settlement of the tax as he shall deem reasonable in the best interests of the state," is plainly set forth. The defendant may be required to endeavor to settle the tax, but he cannot be required to agree to any particular settlement at least in the absence of abuse of discretion.

> "The statute however further provides that the commissioner, if 'it is impossible to compute the present value,' may 'with the approval of the Attorney General' effect such settlement of the tax 'as he shall deem for the best interests of the commonwealth.' But from the very language of the statute whether such action shall be taken rests in his sound discretion and judgment, and his refusal to comply with the request or demand of the petitioner that a settlement be effected is not reviewable." *Mitton* v. *Burrill,* 229 Mass. 140, 118 N. E. 274.

The principles governing mandamus are equally applicable to this proceeding on complaint. "Mandamus is designed to compel action and not to control decision."

*Chequinn Corp.* v. *Mullen, et al.,* 159 Me. 375, 377, 193 A. (2nd) 432. See also *Webster* v. *Ballou,* 108 Me. 522, 81 A. 1009; *Nichols* v. *Dunton,* 113 Me. 282, 93 A. 746; *Rogers* v. *Selectmen of Brunswick,* 135 Me. 117, 190 A. 632; 34 Am. Jur., *Mandamus,* § 67.

The presiding justice, in holding that the action of the State Tax Assessor was not prior to Rule 80B reachable by the extraordinary writ of mandamus and hence not by complaint under Rule 80B, implicitly held that the pleadings showed no abuse of discretion by the defendant. See also Rule 81(b) (1). With this view we agree.

Turning to the inheritance tax statute, we find in the instant case property or interests therein not taxed at death are next subject to taxation "assessed on the value of the property or interest therein coming to the beneficiary at the time when he becomes entitled to the same in possession or enjoyment." 36 M. R. S. A., §§ 3634, 3636, (formerly R. S., 1954, c. 155, §§ 11, 13). See *Stetson* v. *Johnson,* 159 Me. 37, 187 A. (2nd) 740, holding valuation at time of testator's death under 1918 law with comment on change by 1933 law, now Section 3636.

By statute there may be a tax assessed on value at death of testator, or on value at date of possession or enjoyment. The compromise statute, Section 12, *supra* (now Section 3635), provides a further method of settling the tax, not by assessment or by court decree, but by agreement. The compromise statute enacted in 1913, c. 128, remained without change to the 1961 amendment (Section 12, *supra*).

In *Cassidy Estate,* 122 Me. 33, 37, 118 A. 725, the court said:

> "A compromise must find its source within the statute and without a court's decree."

See also *Estate of Annie E. Meier,* 144 Me. 358, 69 A. (2nd) 664.

The principle remains in force. In 1961 the Legislature expressed more firmly the desirability of endeavoring to effect a settlement, but left unchanged the broad sweep of discretion in settlement of taxes "in the best interests of the state." In reaching a judgment the State Tax Assessor may consider what tax the State is likely to receive in due course under Section 3636. It seems only reasonable that he should look to what tax might become payable without a settlement in determining to what extent it would be for the best interests of the State to effect a present settlement. Further, the State Tax Assessor may well consider that value at or near the time of compromise should be a factor of weight in effecting a settlement. If so, he is entitled to have the facts before him.

The plaintiffs take too narrow a view of a compromise. We assume that the value of the trust has increased substantially since the testator's death under the plaintiffs' management, and that it would be to their advantage acting for the beneficiaries to have the tax based on value as of date of death.

Let us suppose, however, the market value had depreciated and the trust property now in fact had a substantially less value than at date of death. The trustees would not seek a settlement on the higher value. The measuring rod for both parties to the compromise is an estimate of the tax to be assessed in the future on the falling in of the property interests under Section 3636.

We do not say that a settlement under Section 12 *supra* (now Section 3635), must be based by the State Tax Assessor on existing value. Our decision goes to this: That the State Tax Assessor does not abuse his discretion in making use of and relying upon the present market value of the existing trust property in reaching a settlement. A compromise is not effected by an insistence on an extreme position. Each must give up something of what he be-

lieves himself to be entitled. This is the everyday experience of the practicing attorney in adjusting and settling the affairs of his client.

It would be no more than a useless gesture to force the State Tax Assessor to discuss further a settlement of the inheritance tax in the Wood trust. There was no error in entering judgment for the defendant on the pleadings.

We are satisfied that the plaintiffs followed the proper procedure in presenting their case by a complaint to review administrative action under Rule 80B. See also Rule 81 (b) (1). Complaint in this situation serves precisely the purpose of mandamus before the adoption of the Maine Rules of Civil Procedure.

In *Young* v. *Johnson,* 161 Me. 64, 207 A. (2nd) 392 (1965), we held that mandamus was the proper vehicle in a situation not unlike that before us. The distinction between the cases procedurally is narrow. We might well have said in *Young* that a complaint under Rule 80B would have raised the issues there considered on mandamus. In *Chequinn Corp.* v. *Mullen, supra,* mandamus was followed without reference by party or court to the possible application of Rule 80B. In neither case did the outcome turn on the procedure. It is sufficient to say that insofar as administrative action is concerned, a complaint under Rule 80B fulfills the function of mandamus. *Hammond* v. *Hull,* 131 F. (2nd) 23 (D. C. Cir. 1942) ; 7 Moore's Fed. Practice, Par. 81.07.

The plaintiffs take nothing from the argument that due process prevents the settlement of inheritance taxes in the manner we have upheld. The trustees are under no compulsion to settle. They need not compromise but may pay a tax assessed on values determined at a later date. *Attorney General* v. *Stone,* 209 Mass. 186, 95 N. E. 395.

The State is entitled to have a tax settlement effective only when deemed by the State Tax Assessor "reasonable

in the best interests of the state" and approved by the Attorney General. The argument of the trustees would lead to the destruction of authority to settle taxes under the policy approved by the Legislature for over half a century. The complaint was properly dismissed.

The entry will be

*Appeal denied.*