**CASCO NORTHERN BANK, N.A.**

v.

**BOARD OF TRUSTEES OF
VAN BUREN HOSPITAL
DISTRICT, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 18, 1991.
Decided Jan. 15, 1992.

Patrick J. Scully (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

William J. Smith, Van Buren and Robert J. Plourde (orally), Plourde & Soucy, Fort Kent, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Casco Northern Bank, N.A. (Casco) appeals from an order of the Superior Court (Cumberland County, *Alexander, J.*) granting summary judgment to defendants Van Buren Hospital District (District), the District's Board of Trustees (Board), and the Town of Van Buren (Town) on Count II of Casco's complaint. In Count II, Casco requested that the court issue an injunction in the nature of a mandamus ordering the Board to issue a warrant to the Town assessor in an amount sufficient to cover the principal and interest payments on a note issued to Casco by the District. We conclude that the summary judgment entered against Casco on Count II was error and vacate the judgment.

In 1955, the legislature created the Van Buren Hospital District to operate a hospital in the town of Van Buren. P. & S.L. 1955, ch. 54. The District was given the power to issue bonds and notes that were legal obligations of the District. P. & S.L. 1955, ch. 54 § 4.[1] Under section 6 of the statute, the Board has the authority to issue a warrant to the Town assessors each year in an amount necessary to meet the District's expenses, including payments on notes and bonds. Section 6 states in relevant part:

The trustees of the Van Buren Hospital District shall determine what sum is required each year for sinking fund payments, or if the bonds or notes authorized by this act shall be issued to mature serially, what sum is required each year to meet the interest on said bonds or other obligations, and what sum is required each year to meet other necessary expenses in the district, and shall each year, before the 1st day of April, issue their warrant in the same form as the warrant of the Treasurer of State for taxes, with proper changes, to the assessors of the town of Van Buren, requiring that they assess the total sum so determined upon the taxable polls and estates within said district....

P. & S.L. 1955, ch. 54, § 6. Until 1989 other sources of income were sufficient to meet the District's expenses, and there was no request to invoke section 6.

In 1988, the District borrowed $50,000 from Casco to purchase new computer equipment. The District issued Casco a five-year note payable in monthly installments of $1,007.85, representing principal and interest. In 1989, after making only nine payments on the note, the hospital closed and the District stopped making payments. Casco filed suit against the District, its Board of Trustees, and the Town alleging breach of contract and unjust enrichment. Casco asked the court to accelerate payment on the note[2] and to order the Board to issue a warrant to the Town assessors in an amount sufficient to provide for payment of the note.

The court properly refused to accelerate payment on the note, but did grant Casco judgment on all overdue amounts and left open the option for Casco to return for judgment and execution on any future pay-

---

**1.** Section 4 of the statute states that the District is "a quasi-municipal corporation within the meaning of section 136 of chapter 53 of the revised statutes of 1954 and all the provisions of said section shall be applicable thereto." Section 136 of chapter 53 of the revised statutes of 1954 provided:

The property of the inhabitants of counties, towns, cities, and other quasi-corporations may be taken to pay any debt due from the body politic of which they are members. All

sums so paid, with interest and costs, may be recovered of such body politic.

R.S.1954, ch. 53, § 136 (now codified as amended at 30–A M.R.S.A. § 5701 (Pamph.1991)). Therefore, if the District defaulted on its obligations, creditors could execute on the property of the inhabitants of Van Buren.

**2.** The note did not contain an acceleration clause.

ments as they came due and were not paid. The Court also granted the defendants' motion for summary judgment on Casco's request for the injunction on the ground that Casco had not exhausted its legal remedies. Casco made a timely appeal to this court from that judgment.[3]

■ Even though the extraordinary writs (certiorari, prohibition, mandamus, and quo warranto) have been abolished in Maine, M.R.Civ.P. 81(c), it is possible to obtain an injunction in the nature of mandamus using the procedure set out in M.R.Civ.P. 80B. *Ray v. Town of Camden,* 533 A.2d 912, 913 (Me.1987); 14 M.R.S.A. § 5301 (1980). Rule 80B does not, however, provide an independent basis of jurisdiction; a court may hear an 80B action only if it is authorized "by statute or otherwise authorized by law...." M.R.Civ.P. 80B(a); *Ray,* 533 A.2d at 913. An action for an injunction in the nature of mandamus may be "otherwise authorized by law" if it is the type of action for which the traditional writ would apply. *Dowey v. Sanford Hous. Auth.* 516 A.2d 957, 959–960 (Me.1986); *Your Home Inc. v. City of Portland,* 505 A.2d 488, 489 (Me.1986); *Fletcher v. Feeney,* 400 A.2d 1084, 1088 (Me.1979). Therefore, this court looks to the traditional common law of mandamus to determine if the Superior Court is authorized to hear the case and grant the relief, but may adapt the law to current conditions. *Ray,* 533 A.2d at 913; *Dowey,* 516 A.2d at 962; M.R.Civ.P. 80B advisory committee's note, 2 Field, McKusick & Wroth, *Maine Civil Practice* 305, 308 (2d ed. 1970).

■ Traditionally, mandamus lies to compel governmental performance of a strictly ministerial act, that the applicant, otherwise without remedy, is entitled to have performed. *Ray* 533 A.2d at 913–914; *Dowey,* 516 A.2d at 960; *Your Home,* 505 A.2d at 489; *Rogers v. Brown,* 135 Me. 117, 119, 190 A. 632 (1937). In the case at hand, we agree with Casco that the issuance of a warrant by the Board is a ministerial act that Casco is entitled to have performed, and that Casco is otherwise without a remedy that is adequate.

## I.

## MINISTERIAL ACT

■ The courts will not grant mandamus to compel the performance of a discretionary act or in any way control the outcome of the deliberative process. *Ray,* 533 A.2d at 914; *Rogers,* 135 Me. at 119, 190 A. 632. The court may grant the injunction, however, to compel the initiation of the deliberative process after a complete refusal to act. *Ray,* 533 A.2d at 914; *Kelly v. Curtis,* 287 A.2d 426, 429 (Me.1972); *Littlefield v. Newell,* 85 Me. 246, 249, 27 A. 110 (1893).

> "When the law requires the public officer to do a specified act, in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character and performance may be compelled by mandamus if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance."

*Young v. Johnson,* 161 Me. 64, 70, 207 A.2d 392 (1965) (quoting *Nichols v. Dunton,* 113 Me. 282, 283–284, 93 A. 746 (1915)); *see also Rogers,* 135 Me. at 119–20, 190 A. 632.

■ The statute directing the District to issue the warrant states that the District "shall" determine the amounts needed for the payments each year, and "shall" issue the warrant to the assessors. P. & S.L. 1955 ch. 54, § 6. We have previously held in a case involving mandamus, that the word "shall" is to be construed as "must" for the purpose of sustaining or enforcing an existing right, though it need not be for

---

**3.** In July 1991, the District filed for bankruptcy in the United States Bankruptcy Court for the District of Maine and proceedings in this case were stayed. In October, however, the bankruptcy judge (*Haines, J.*) dismissed the District's petition and this appeal proceeded.

creating a new right. *Rogers*, 135 Me. at 118–19, 190 A. 632. Therefore, the Board's duty to issue the warrant is mandatory. Furthermore, the statute clearly indicates the method of calculating the amount of the warrant, and the manner in which it is to be served on the Town assessor. P. & S.L. 1955 ch. 54, § 6. The duty of the Board is ministerial and not discretionary. The fact that the Board has never exercised this authority is irrelevant, because the amount "required each year to meet the interest on said bonds or other obligations" had previously been zero, and there was no need to exercise the authority. Now that the District needs more funds than it is able to collect from other sources, it must resort to this provision of the statute to acquire them.

## II.

### ENTITLEMENT TO PERFORMANCE

██ Since Casco's legal right to payment under the note has been established and is not contested in this appeal, the only question is whether Casco has a right to have the Board issue the warrant. It is well established that the laws existing at the time of the making of a contract form part of the contract. *Canal Nat'l Bank v. School Admin. Dist. No. 3*, 160 Me. 309, 317, 203 A.2d 734 (1964). In *Canal Nat'l Bank*, a statute that removed three towns from a school district was held to be an unconstitutional impairment of the rights of bondholders of the school district. *Id.* at 320–22, 203 A.2d 734. We concluded that the right of the bondholders to the security provided by the school district's power to tax was essential to the integrity of the bond contract. *Id.* at 321, 203 A.2d 734. Likewise in this case, the statute that gave the Board the responsibility to issue a warrant to the Town assessors to meet the obligations of the District forms an essential part of the terms of the note between Casco and the District.

This conclusion is reinforced by other aspects of the agreement between the parties. In the no-litigation certificate, the Board's President and the District's Treasurer explicitly assured Casco "that there is no litigation, pending or threatened, affecting ... the power of the District to issue bonds or notes and assess the member municipality to levy and collect taxes to pay the principal of and interest on these notes." Casco was justified in relying on this representation as meaning that the power to tax was unimpaired and *therefore would be used if necessary*. In addition the absence of clauses for the acceleration of the loan and attorney fees in the case of default is corroboration of Casco's reliance on the District's power to issue a warrant. Therefore, we conclude that Casco has an enforceable right to have the Board issue the warrant.

## III.

### ADEQUACY OF OTHER REMEDIES

██ Mandamus is inappropriate if the party seeking mandamus has another adequate remedy at law. An adequate remedy is one that affords relief upon the very subject matter of the controversy. *Furbish v. County Comm'rs*, 93 Me. 117, 133–134, 44 A. 364 (1899). It must be "fully commensurate with the necessities and rights of the party under all the circumstances of the particular case." *Dennett v. Acme Mfg. Co.*, 106 Me. 476, 481, 76 A. 922 (1910). Furthermore, mandamus may issue when the party has another method of redress, but that method is more tedious. *Furbish*, 93 Me. at 133, 44 A. 364.

██ Under the particular circumstances of this case, Casco has no other remedy that is fully commensurate with the rights and necessities of its loan contract. Casco may attach and execute on the District's property under 14 M.R.S.A. §§ 4101–5006 (1980 & Supp.1990), and may attach and execute on the private property within Van Buren under 30–A M.R.S.A. § 5701 (Pamph.1991). Neither of these remedies, however, would require the District to issue the warrant to acquire the funds necessary to make the payments on the loan. Casco and other creditors routinely rely on the general power of assessment and taxation available to municipalities and special districts to guarantee that they will be able

to meet their obligations promptly. As a result, not only are the usual creditor's protections, such as provisions for acceleration of the loan and the recovery of attorney fees in case of default, omitted from the loan documents, but the loans are also made at lower interest rates, thereby substantially benefitting the municipalities that borrow under those terms. For these reasons, the right to force the District to issue the warrant is of paramount importance to the integrity of the loan contract. *See Canal Nat'l Bank,* 160 Me. at 320–22, 203 A.2d 734 (destruction of taxing power unconstitutionally impairs bond contract). The other methods of redress available to Casco are not only more tedious, but also do not afford Casco relief "upon the very subject matter of the controversy," *Furbish,* 93 Me. at 133–34, 44 A. 364, or on "the particular right which the law accords [it]...." *Dennett,* 106 Me. at 481, 76 A. 922. Therefore, Casco is entitled to an order mandating issuance of the warrant[4].

The entry is:

Judgment vacated. Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**4.** The order should take into account the terms of P. & S.L. 1955, ch. 54, § 6, contemplating the issuance of a warrant before the first of April to raise an amount that would include overdue payments on the note to Casco as well as sufficient funds to enable the District to make all payments to Casco for the year as they become due.