FREDERICK E. HARTSHORN, petitioner for mandamus, *vs.* ASSESSORS OF ELLSWORTH.

*School district tax—what property liable to be assessed.   Mandamus—requisites of mandate.*

By virtue of Pub. Laws of 1869, c. 42, § 1 (R. S., c. 11, § 44), when a school district votes to raise money for any legal purpose, not only residents are to be assessed as heretofore, but also persons who at the time of raising said money own therein the class of property mentioned in the first clause of R. S., c. 6, § 14, are liable to be assessed therefor.

The writ of mandamus should expressly state the duty required of the defendant.

A mandate requiring the defendant to assess a school district tax 'according to law,' being a requirement to look beyond the writ, is erroneous.

Where, on a petition for mandamus, by the terms of the exceptions, 'if the petitioners were not entitled to have the writ as prayed for, the petition was to be dismissed, and the prayer was that the defendants should 'assess said district tax according to law, to wit, on the personal estate within the district of non-residents of the district,' and the defendants could not lawfully assess such property unless such 'owners should occupy,' as is provided in the first clause of R. S., c. 6, § 14, a mandate cannot legally issue as prayed for.

Hartshorn *v.* Assessors of Ellsworth.

ON EXCEPTIONS.

PETITION by the school agent of district No. 18, in Ellsworth, for mandamus against the defendants, as assessors of Ellsworth.

The petition sets out substantially,

That at a legal meeting of school district No. 18, in Ellsworth, held July 18, 1871, it was voted unanimously to build a new school-house, according to a certain plan approved by the superintending school committee, adopted by the district, and to hire $2,500 therefor through one Davis as agent; that at a legal meeting of the district, held Oct. 5, 1871, the district voted to hire $1,500 through Davis to continue the work; that at a legal meeting, held March 20, 1872, and adjourned to April 17th following, the district voted to hire $1,100 more through Davis to complete the work, and that Davis negotiated the loans accordingly of the persons and at the rates mentioned; that previous to the erection of the new school-house the district had none suitable; that the clerk certified the votes to the assessors and treasurer of Ellsworth.

That the assessors refuse to assess the money as by law required.

That there are certain large quantities of logs, lumber, and boards manufactured in the district, and certain stocks in trade, including stocks employed in said business of manufacturing lumber, the manufacturers and owners whereof, though dwelling in other districts, occupy stores, houses, and mills in said district, and own and manufacture large quantities of personal property in said district, which by law ought to be assessed with their relative part of said tax; that no part of said tax has been assessed on said property, but the whole tax has been assessed on the estates of the residents.

That a written demand by the petitioner was made upon the defendants to assess the tax according to law, but they utterly refused to comply; by means of which refusal the inhabitants of the said district are aggrieved and deprived of their just right.

Wherefore the petitioners pray

That a rule be issued to said assessors, to wit, Erastus Rodman, Charles Joy, and Josiah Higgins, to appear at such time and place as the court may deem convenient, to show cause why a writ of mandamus should not be issued 'commanding them to assess said school tax according to law, to wit, on the personal estate within the district of non-residents of the district.'

Notice was ordered Oct. 10, 1872, returnable Oct. 14, 1872, service to be made upon the 10th by reading.

The respondents appeared and demurred. The court overruled the demurrer and ordered the alternative writ to issue.

If the petitioners were entitled to have a writ issued as prayed for, such writ to issue, otherwise the petition to be dismissed with costs for respondents. Case to be argued under R. S., c. 77, § 14.

*Geo. P. Dutton*, for the plaintiff.

*E. Hale* and *L. A. Emery*, for the defendants.

It was not intended that the rule, applicable to the class of property mentioned in the first clause of R. S., c. 6, § 14, in towns, should apply to school districts. The direction in c. 11, § 44, to assessors, 'to assess as they do town taxes,' is but the condensed form of the direction in statute of 1821, and the statute upon education of 1850, 'to assess in the same manner as town taxes are assessed.' This includes no rule as to the property. Pub. Laws 1821, c. 117, § 9; 1850, c. 193, art. 111, § 2.

Nor does the statute, as amended by statute of 1869 (R. S., c. 11, § 44), so change the rule of taxation in school districts as to include personal property of a person resident in another district. 'Shall assess as they do town taxes' have been used since 1842. The substitution of the words 'residents and owners in' for the words 'inhabitants of' does not effect such a revolution.

The statute of 1869 was enacted for the purpose of fixing the time when taxation should fall upon property in school districts, to wit, 'at the time of raising the money;' hence the clerk was to certify 'the time when the same is raised.'

In recasting the section to embrace this change, 'residents and owners' were substituted for 'inhabitants' because they seemed to the commissioners a fitting correlative of 'polls and estates.'

The succeeding clause, providing for the taxation of non-resident real estate, shows the same intention; the commissioners would have added 'and upon all logs,' etc., 'belonging to any person occupying a store, etc., in said district.'

The design of the exception mentioned in *Ellsworth* v. *Brown,* 53 Maine, 521, is not applicable to districts.

*Baker* v. *School District in Weymouth,* 9 Gray, 433, is not in point.

Statutes providing for taxation should be construed most strongly against the taxing power. Chapter 11, § 44, does not plainly give the power. Taxation of non-resident real estate is plainly expressed. *Expressio unius est exclusio alterius.*

'Estates' is generic, including real and personal. Non-resident real estate is plainly expressed; non-resident personal estate is as plainly excluded.

The general rule is, that personal estate follows the person. Clear exceptions are made as between towns; none between districts. Section 44 includes all personal estate or none.

The adjunct 'in the district' modifies the next preceding substantives 'residents and owners,' as in R. S., 1857, it modifies 'inhabitants;' and same order of words is preserved. The adjunct cannot modify 'polls and estates' without violating known rules and rendering 'residents and owners' meaningless.

APPLETON, C. J. The general rule of taxation is, that the personal property of an individual should be assessed to him in the town where he is an inhabitant on the first day of April, in each year.

The first exception is found in R. S., c. 6, § 14, and is as follows: 'All goods, wares, and merchandise, all logs, lumber, boards, and other lumber, and all stock in trade, including stock employed in the business of any of the mechanic arts, in any town

within this State other than where the owners reside, shall be taxed in such town, if the owners, their tenants, or any person contracting under them for the building of any house, shop, store, or vessel, occupy any house, shop, mill, wharf, landing, or ship-yard therein, for the purposes of such tenancy or contract.'

The object of this provision is, that taxes on the capital named shall be assessed, where the investment is made, the business done, and the profits gained. This would seem to be in accordance with the principles of equity.

The rule for the assessment of money raised or borrowed by school districts, as established by R. S., 1857, c. 11, § 39, was as follows: 'When a district votes to raise money for any legal purposes its clerk shall, forthwith, or within the time prescribed by the district, certify the amount thereof to the assessors of the town; and within thirty days after receiving such certificate they shall assess it, as they do town taxes, on the polls and estates of the inhabitants of the district, whether wholly in their town or not, and on the non-resident real estate within, but not on any real estate without, the district.'

In 1869, this section was amended by c. 42, § 12; and the amendment was adopted in the revision of 1871, c. 11, § 44, and is in these words: 'When any district votes to raise money for any legal purpose, its clerk shall, forthwith, or within the time prescribed by the district, certify the amount thereof to the assessors of the town, and the time when raised; and within thirty days after receiving such certificate they shall assess it, as they do town taxes, on the polls and estates of the residents and owners in the district at the time of raising said money, whether wholly in their town or not, and on the non-resident real estate in the district.'

The existing statute was thus altered in two respects.

1. The clerk was required to certify 'the time when raised,' so that the tax should be imposed only on the 'polls and estates of the residents and owners in the district at the time of raising said money.'

2. The assessors, when thus notified, were to assess the amount

raised on the polls and estates ' of the residents and owners in the district ' ' as they do town taxes,' and not on ' the inhabitants of the district ' as heretofore. Previously, the inhabitants alone were liable to assessment. By the change, they, or their equivalent, residents in the district, are to be assessed as formerly, and in addition thereto a new class is made liable to assessment, that is, owners in the district. Owners of what? Personal estate. Owners where? In the district. How to be assessed? As the assessors do town taxes. The word owners was unnecessary, if only resident owners were to be assessed.

We think the manifest intention of the legislature was to adopt the equitable rule established by c. 6, § 14, for the assessment in towns, and apply it to the analogous case of school districts. If not so, the alteration was immaterial. The certifying ' the time when raised ' is of little importance, and if that was all the change intended, there would be no occasion to substitute ' residents and owners ' instead of ' inhabitants,' as in the section before its amendment.

But though the assessors may have erred in making their assessment, it does not follow that the writ of mandamus should issue as prayed for.

The prayer of the petitioner is, ' that a rule be issued to said assessors, to wit, Erastus Rodman, Charles Joy, and Josiah Higgins, to appear, etc., to show cause, if any they have, why a writ of mandamus should not be issued by this court, commanding them to assess said school tax, according to law, to wit, on the personal estate within the district of non-residents of the district.'

The greatest care is to be bestowed upon the proper framing of the mandatory clause, the rule being, that the writ must be enforced in the terms in which it is issued or not at all. *Rex* v. *St. Pancras*, 3 A. & E., 542. It should expressly state the duty required of the defendant. When a mandamus is awarded for purposes partly legal or partly not, the court will not enforce it by a peremptory writ limiting its effect, but will quash it; for though the court will, for the purpose of justice, mold the rule for the

writ, yet it cannot mold the writ itself. The defendant is not required to look *dehors* the writ to ascertain his duty, but the requirement to assess ' according to law ' is a requirement to look beyond the mandate of the writ, and therefore is erroneous. The defendant looks only to the mandatory clause, to ascertain what is required of him, and not elsewhere. Topping on Mandamus, 324 *et seq.*

By the exceptions, ' if the petitioners are entitled to have a writ issued as prayed for, such writ is to issue, otherwise the petitioner is to be dismissed with costs for respondents.'

The mandate of the court, if issued according to the prayer of the petitioners, would be that the defendants should ' assess said school tax . . . on the personal estate within the district of non-residents of the district ; ' but this they could not properly do, unless such non-resident owners should occupy a ' store, shop, mill, wharf, landing, or ship-yard therein,' as provided in c. 6, § 14. A mandate, therefore, cannot legally issue as prayed for.

There are other objections raised against the maintenance of this process, but it is not necessary to consider them, as we are satisfied that no such mandate as prayed for can legally issue.

*Petition dismissed with costs for defendants.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.