MOSES S. PARKER, and others, in equity, *vs.* HIRAM TITCOMB,
and others.

Franklin.    Opinion December 11, 1889.

*Towns. School districts. Alteration. Meeting. Warrant. Reconsideration of*
*vote. Tax. Injunction. R. S., c. 3, § 7, c. 11, § 1. Special act, c. 377 of 1889.*

A constable made return upon a warrant for a town meeting, that he had
"caused" an attested copy of the warrant to be posted, etc., instead of re-
turning that he personally did it. *Held*, that the return was sufficient.

The inhabitants of a town, "voted, by a major vote, to set off the inhabitants
of school district No. 22, with their estates, and annex the same to school
district No. 9, as recommended by the municipal officers and supervisor of
schools." *Held*, to be a sufficient compliance with R. S., c. 11, § 1.

A town may reconsider its action at the same meeting, or at a subsequent
meeting, if seasonably done, provided it does not destroy or impair inter-
vening rights.

By R. S., c. 11, § 1, towns are forbidden to alter their school districts without
the recommendation of the municipal and school officers. In the absence
of such recommendation attempted action to alter, by uniting or disuniting
the districts, would be *ultra vires.*

The legislature may divide towns into school districts as it pleases. Three
school districts, in Farmington, had been legally annexed to a fourth by vote
of the town. The town, afterwards, ineffectually voted to reconsider that
vote. *Held*, that by the act of the legislature, c. 377, of 1889, the vote to
reconsider had become valid.

BILL IN EQUITY, considered by the law court on stipulation of
parties.

*H. L. Whitcomb*, for plaintiffs.

*J. C. Holman*, for defendants.

HASKELL, J.    Bill in equity to restrain the assessment and
levy of a tax upon the inhabitants of school district No. 22, to
rebuild a school house, because that district had been abolished,
and its territory annexed to district No. 9, by vote of the town of
Farmington at a special meeting called for that purpose in April,
1888.

I. It is objected that the town meeting was not legally warned and held, inasmuch as the constable, who served the warrant, returned service "by causing to be posted up an attested copy of such warrant," etc., instead of returning that he personally did it.

The statute, R. S., c. 3, § 7, provides that town meetings shall be notified by the person to whom the warrant is directed by posting an attested copy thereof in some public and conspicuous place" etc., and that "the person who notifies the meeting shall make return on the warrant, stating the manner of notice, and the time when it was given."

Ordinarily the duties of an officer are personal, and must be personally performed by himself. The above statute requires a personal return to be made on the warrant, stating the manner of notice and the time when it was given. This duty is a personal duty, and cannot be delegated to or performed by another and, for the truthfulness of a return, so made upon the warrant, the officer or person making it is held to strict account.

In this cause, the return of the constable shows that legal notice of the special meeting had been given, and that he caused it to be so done. For the truth of his return he is responsible, and inasmuch as the statute does not make the posting of the notices a personal duty, it is sufficient, if the return of the officer shows the notices to have been seasonably and properly posted, although not by his own hand. He could not have truthfully made return that he caused the notices to be posted, unless they had been posted under his own eye. The meeting, therefore, was legally warned and held.

II. It is objected that the vote of the town is inoperative for want of certainty and of a compliance with R. S., c. 11, § 1, that provides, school districts shall not be "altered except on recommendation of the municipal officers and superintending school committee, accompanied by a statement of facts, and on conditions proper to preserve the rights and obligations of the inhabitants."

It is not contended that the recommendation of the officers and their statement of facts required by the statute were not suffi-

cient to authorize action in the premises by the town; but, it is claimed that the language of the vote is insufficient to accomplish its purpose. The language is, "Voted, by major vote, to set off the inhabitants of school district No. 22 with their estates, and annex the same to school district No. 9, as recommended by the municipal officers and supervisor of schools." The vote seems to be plain and comprehensive; and no good reason has been shown why it should not be held to have worked the purpose intended by it.

III. It is objected that the vote of the town at the April meeting consolidating school districts Nos. 8, 9, 10 and 22, was reconsidered at a subsequent meeting of the town, held for the purpose, in the following May. The vote is: "Voted, by major vote to reconsider and rescind the vote whereby they voted to annex school district No. 22, in said town, to school district No. 9, in said town." Votes of the same tenor were passed relating to the votes of the April meeting annexing districts 8 and 10 to district No. 9. The votes at that meeting, in effect, annexed school districts Nos. 8, 10 and 22, to, and consolidated them, with school district No. 9.

A town may reconsider its action at the same meeting or at a subsequent meeting if seasonably done. That is, if the action of the town hath not already accomplished its purpose. For, if the vote of a town once accomplishes its purpose, works out the intended result and hath spent its force, it cannot be reconsidered and taken back.

A town is free to act within its legal scope as it pleases. It may take action in one direction to-day, and in another to-morrow, provided it does not impair intervening rights. There is a wide difference, however, between reconsidering action that has once taken effect and worked its result, and, voting action to restore the original state of affairs by original and new proceedings.

When the April meeting adjourned, its votes consolidating three of its school districts into and as a part of district No. 9 became effective and worked their purpose. The territory of the three annexed districts became a part of the territory of the district to which they were annexed. Their organization as districts

for further school purposes were thereby abolished and extinguished. They were thereafterwards unknown as school districts in Farmington. They were as effectually abolished as though they had never been.

The statute, R. S., c. 11, § 1, forbids the alteration of districts, except upon the recommendation of municipal and school officers. Such recommendation to divide district No. 9, after its size had been increased by the annexation of three sparsely settled outlying districts, had not been given before the May town meeting attempted to dismember district No. 9, that had been enlarged, upon the express recommendation of the municipal and school officers, only the month before. If these officers should see fit to recommend the division of district No. 9, the town might legally divide it; but, without such recommendation, the town had no power to act. Attempted action would be *ultra vires.*

But it is said that an act of the legislature, c. 377, 1889, has legalized the vote of the town at its May meeting. The act is as follows: "The acts and doings of the town of Farmington in their town meeting of May 12, 1888, relating to school districts Nos. 8, 9, 10 and 22 are hereby legalized and made valid."

It is within the power of the legislature to divide towns into school districts as it pleases. Three school districts had been legally annexed to a fourth by vote of the town. The town ineffectually voted to reconsider that vote. If the act of the legislature can be considered as a division of the territory of the new district into fractions corresponding to the old districts, then the vote of reconsideration has become valid, not from any force of itself, but from a decree of the sovereign power of the State; and we think such to be the true consideration of the case. The votes of consolidation identify the limits of the old districts that became an integral part of the new. The terms of the vote of reconsideration breaks the new district into the old fractions, and the legislature made that vote valid and effective, precisely as though it had specifically provided that the new district should be divided into four parts, corresponding to the numbers and boundaries of the old districts.

The districts once abolished and re-created by the legislature

may be without legal officers or organizations, but they must reorganize as provided by statute. The tax voted by new district No. 9, and not assessed, cannot change the result.

*Bill dismissed with costs.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.