INHABITANTS OF BROWNVILLE

*vs.*

U. S. PEGWOOD AND SHANK COMPANY.

Piscataquis.   Opinion January 15, 1924.

*A town has no power to abate a tax.   A vote by the town to exempt from taxation
certain property is null and void.   Assessors may grant reasonable abatements
but their acts are entirely independent of the town, not being subject to the
direction and control of the municipality in the discharge of their
duties.   Minor irregularities in mere procedure will not
prevent a recovery of a tax by a town.*

Under an article in the warrant for an annual town meeting reading, "To choose
three assessors," in accordance with R. S., Chap. 4, Sec. 12; the selectmen who
issue the warrant cannot thus circumscribe the action of the voters.

When the party taxed is liable to taxation in the plaintiff town and the assessors
have proper authority and jurisdiction which they do not exceed, minor irreg-
ularities in mere procedure, which do not increase the taxpayer's share of the
public burden, nor occasion him any other loss, will not prevent a recovery of
the tax in an action by the town therefor.

It is a constant and well-established practice to admit parol testimony to identify
persons or property named in a deed or record.

In defense to an action at law by a town to recover taxes, objections relating to
alleged irregularities in the qualification of the collector of taxes and in the
commitment of taxes to him are immaterial.   The town in such action proceeds
independently of the collector; the latter is not undertaking to execute his
warrant.

It must be considered settled that parol evidence is admissible to identify the
party taxed notwithstanding error in name.   Errors, mistakes and omissions ·
by the assessors do not render the assessment void.

On exceptions.   An action of debt to recover taxes assessed
against the defendant in the town of Brownville for 1920.   The case
was heard by the presiding Justice without a jury who found for the
plaintiff.

The defendant entered numerous exceptions based upon irregu-
larities in the proceedings, and on a vote of the town to exempt from
taxation the property taxed.   Exceptions overruled.

The case is sufficiently stated in the opinion.

*C. W. & H. M. Hayes,* for plaintiff.

*Hudson & Hudson,* for defendant.

SITTING: CORNISH, C. J., HANSON, MORRILL, WILSON, DEASY, JJ.

MORRILL, J.   This is an action to recover the amount of taxes assessed in the town of Brownville against the defendant for the year 1920; it was heard by the presiding Justice without the intervention of a jury.   The case is presented upon defendant's bill of exceptions, twenty in number, which are of the most technical character, and all without merit.

The first exception relates to Article 5 of the warrant for the town meeting of March 22, 1920, which reads:   "To choose three assessors."   It is urged that, because the warrant did not follow the language of the statute which provides for the choice of "three or more assessors," the voters were deprived of their full legal rights. Not so; the selectmen who issued the warrant could not thus circumscribe the action of the voters; the latter were free to elect as many assessors as they saw fit, and by electing three they indicated the number of their choice.   The assessors were legally elected.

. We might well overrule all other exceptions, except the last, applying the rule many times stated by this court that when the party taxed is liable to taxation in the plaintiff town and the assessors have proper authority and jurisdiction which they do not exceed, minor irregularities in mere procedure, which do not increase the taxpayer's share of the public burden, nor occasion him any other loss, should not prevent a recovery.   *Rockland* v. *Ulmer,* 84 Maine, 503, 508. *Foss* v. *Whitehouse,* 94 Maine, 491, 495.   *Inhbts. of Charleston* v. *Lawry,* 89 Maine, 582.

The exceptions, however, may be considered in groups, the same objection being made several times.

Exceptions two, six, ten, fourteen, fifteen and eighteen are based upon the fact that on the town records a lack of uniformity exists in recording the names of certain officials, the record sometimes giving the initials instead of the full given name; objection is raised that plaintiff was allowed to prove orally that the persons so designated were one and the same.   But it is a constant and well-established practice to admit parol testimony to identify persons or property

named in a deed or record. *Jay* v. *East Livermore*, 56 Maine, 107, 120. *Andrews* v. *Dyer*, 81 Maine, 104. The defendant can take nothing by these exceptions.

Exceptions three, four and twelve present objections to the sufficiency of the constable's return on the warrant for the town meeting of March 22, 1920. We are unable to perceive the slightest merit in these objections. The return shows that the inhabitants of the plaintiff town were legally and seasonably notified by a duly appointed and qualified constable of the town to assemble at the time and place and for the purposes mentioned in the warrant. In answer to the contention that the return is indefinite, (Exception 12) it need only be said that both dates given as the date of service, are more than seven days before the day of meeting.

Exceptions five, seven, eight, nine and eleven relate to the sufficiency of the official oaths administered to two assessors, the town treasurer and the tax collector elected at the annual election of 1920, and the selectmen elected in 1921. The defendant can take nothing by these exceptions; the record shows that each officer named was duly sworn in open town meeting faithfully to perform the duties of the office to which he had been chosen by the voters of Brownville.

Exceptions fifteen and eighteen also relate to alleged irregularities in the qualification of the collector of taxes and in the commitment of the taxes to him. These objections, even if well founded, are immaterial here and can afford no defense. The collector is not undertaking to execute his warrant; the town is proceeding independently of him. *Rockland* v. *Ulmer*, supra. *Inhbts. of Verona* v. *Bridges*, 98 Maine, 491. *Inhbts. of Greenville* v. *Blair*, 104 Maine, 444.

Exceptions thirteen, sixteen and seventeen raise the question that the record shows that in the valuation book, and in the list of taxes committed to the collector, and in the assessment, the taxes were assessed against the "United States Pegwood & Shank Company" and not against the "U. S. Pegwood & Shank Company"; and defendant contends that the record discloses a fatal variance.

It is undoubtedly true that testimony of the assessors cannot be admitted to contradict their records (*Saco Water Power Co.* v. *Buxton*, 98 Maine, 295, 298), and an assessment cannot be modified or limited aliunde (*Sweetsir* v. *Chandler*, 98 Maine, 145, 152); yet it must be considered settled that parol evidence is admissible to identify the party taxed notwithstanding error in name. *Farnsworth*

*Co.* v. *Rand,* 65 Maine, 23.    *Bath* v. *Reed,* 78 Maine, 283.    *Thorndike* v. *Camden,* 82 Maine, 47.   Errors, mistakes and omissions by the assessors do not render the assessment void.    R. S., Chap. 11, Sec. 31.

Exception nineteen is not pressed.    In support of exception twenty and in defense of this action the defendant relies upon a vote passed at an adjourned session of a meeting of the voters of the plaintiff town duly called and held on September 7, 1915, and duly adjourned to September 13, 1915, which follows:

"Voted to abate all taxes that may be assessed on all buildings together with all machinery that may be placed therein for manufacturing purposes and also on all buildings for storing manufactured products that may be erected on land owned by the U. S. Pegwood & Shank Co. on the West Shore of Pleasant River for a period of ten (10) years."

If construed according to the ordinary meaning of the language used, this vote does not grant an exemption from taxation, but an abatement of taxes assessed by an independent body created by law, and charged with the duty of assessing taxes, and authorized to grant reasonable abatements.    Assessors are not subject to the direction and control of the municipality; their duties and authority are imposed by law.    A town has no power to abate a tax.    *Thorndike* v. *Camden,* 82 Maine, 39, 46.    *Rockland* v. *Farnsworth,* 93 Maine, 183.

Treating the action of the town as a vote of exemption, as probably intended, it was likewise beyond the power of the town; the law must be considered in this State as settled to that effect.    *Brewer Brick Co.* v. *Brewer,* 62 Maine, 62.    *Thorndike* v. *Camden, supra.* The element of contract which was present in *Portland* v. *Portland Water Co.,* 67 Maine, 135, relied upon by defendant, and in *Maine Water Co.* v. *Waterville,* 93 Maine, 595, is not present here.    The principle established in *Brewer Brick Co.* v. *Brewer* is not affected by those later cases.

*Exceptions overruled.*