KENDALL A. YOUNG, PETITIONER
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR
ROSCOE B. JACKSON MEMORIAL LABORATORY,
INTERVENOR
MOUNT DESERT ISLAND BIOLOGICAL LABORATORY,
INTERVENOR

Penobscot.   Opinion, February 26, 1965.

*Orman G. Twitchell,* for Petitioner.
*Ralph W. Farris, Asst. Atty. Gen.,*
                              for State Tax Assessor.

*Mitchell and Ballou,*
    by *James E. Mitchell,* for Jackson Memorial Lab.

*Edwin R. Smith,*
              for Mount Desert Island Biological Laboratory.

SITTING: WILLIAMSON, C. J., TAPLEY, WEBBER, SULLIVAN, SIDDALL, MARDEN, JJ.

SIDDALL, J.   This is a petition for mandamus brought by the plaintiff, a resident and taxpayer of the Town of Bar Harbor, hereafter called the Appellant, against the State Tax Assessor, hereafter called the Assessor.   The complaint, as amended, seeks to compel the Assessor to cause to be placed upon the assessment rolls for taxation at their just value, certain real estate and personal property of the Roscoe B. Jackson Memorial Laboratory, hereafter called the Memorial Laboratory, and of the Mt. Desert Island Biological Laboratory, hereafter called the Biological Laboratory.   The Memorial Laboratory and the Biological Laboratories each filed a petition for leave to participate in the action in such manner as the court might direct, and was ordered to show cause against the issuance of the writ and granted leave to make a return to the writ.   An alternative writ of mandamus was issued by the court ordering the Assessor to cause to be placed upon the assessment rolls for the Town of Bar Harbor the said real estate and personal property.   The Assessor, as well as the Laboratories, filed an answer thereto.

The Assessor filed a motion to dismiss the alternative writ on the grounds that (1) the petition and alternative writ, as amended, fails to show any legal duty on the part of the Assessor that he had not already performed, (2) the

statute involved is discretionary on the part of the Assessor, (3) mandamus is no longer available for review of administrative action. (R. 80, B1 R.C.P.), (4) said alternative writ upon its face shows that all legal duties imposed upon the Assessor by R. S., 1954, Chap. 16, Sec. 68 and 72 have been fully complied with, (5) that the alternative writ fails to allege sufficient facts to show that the Assessor has the ability to perform the commands of the alternative writ. The issues raised in the motion to dismiss were disposed of in the judgment rendered by the court below.

The court, after hearing, found the great bulk of the real and personal properties of the Laboratories to be tax-exempt, and directed the Assessor to cause certain other properties to be placed upon the assessment rolls for taxation. From this decision an appeal was taken by the Appellant.

In his petition the Appellant sets forth the duties of the Assessor as they are contained in R. S., 1954, Chap. 16, Sec. 68, as amended, and in Sec. 72 of the same chapter. We quote the pertinent parts of these sections as follows:

"The state tax assessors shall have and exercise general supervision over the administration of the assessment and taxation laws of the state, and over local assessors and all other assessing officers in the performance of their duties, to the end that all property shall be assessed at the just value thereof in compliance with the laws of the state." R. S., 1954, Chap. 16, Sec. 68, as amended.

"The state tax assessor shall, at his own instance or on complaint made to him, diligently investigate all cases of concealment of property from taxation, of under valuation and of failure to assess property liable to taxation. He shall bring to the attention of town assessors all such cases in their respective towns. He shall direct proceedings, actions, and prosecutions to be instituted to enforce all laws relating to the assessment and

taxation of property and to the liability of individuals, public officers and officers and agents of corporations for failure or negligence to comply with the provisions of the laws governing the assessment or taxation of property, and the attorney general and county attorneys, upon the written request of the state tax assessor, shall institute such legal proceedings as may be necessary to carry out the provisions of this chapter. The state tax assessor shall have power to order the reassessment of any or all real and personal property, or either in any town wherein his judgment such reassessment is advisable or necessary to the end that all classes of property in such town shall be assessed in compliance with the law. Neglect or failure to comply with such orders on the part of any assessor or other official shall be deemed willful neglect of duty and he shall be subject to the penalties provided by law in such cases."

R. S., 1954, Chap. 16, Sec. 72.

The Assessor contends that mandamus does not lie in this case because the Appellant has an adequate remedy for review by filing a complaint with the court under the provisions of Rule 80B MRCP. Under Rule 80B (a) MRCP, when a statute provides for review by the Superior Court of any action by a government agency, etc., whether by appeal or otherwise, or when any judicial review of such action has theretofore been available by extraordinary writ, proceedings for such review shall be instituted by complaint. We agree with the conclusions of the justice below, that this rule, supplemented by Rule 81, (b) (1) is not applicable to the administrative action taken in this case, and that mandamus is the proper remedy provided that the requirements of such a writ are met. R. S., 1954, Chap. 16, Sec. 72 provides that the Assessor shall, at his own instance or on complaint made to him, investigate all cases of failure to assess property liable to taxation, and requires that the Assessor diligently investigate all such cases and bring

them to the attention of the local assessors. The Assessor in the instant case made an investigation, made findings, and notified the local assessors and the complainant. The statute does not provide for an appeal from the decision of the Assessor and a judicial review of that decision by extraordinary writ has never been available to a complainant. Our rules, undoubtedly, in many cases, require proceedings to be initiated by complaint, instead of by a petition for mandamus. The present case is not one of those cases. We consider the petition in this case to be a petition for mandamus brought by the Appellant to compel the Assessor to perform a duty which the Appellant claims the Assessor was obliged to perform, to wit: to cause certain property to be placed upon the assessment rolls of the Town of Bar Harbor. The proceedings are governed by the technical rules of law relating to mandamus.

The writ of mandamus is of ancient origin. Although the writ is authorized by R. S., 1954, Chap. 129, Sec. 17, as amended, it is governed by the rules of common law. *Weeks* v. *Smith, et al.*, 81 Me. 538, 544. Mandamus is an extraordinary remedy. The writ is one requiring the doing of some specific duty, imposed by law, which the applicant, otherwise without remedy, is entitled to have performed. *Rogers* v. *Selectmen of Brunswick*, 135 Me. 117, 119.

Mandamus is designed to compel action and not to control decision. The writ is granted in the sound discretion of the court. It is not a writ of right. *Chequinn Corporation* v. *Mullen, et al.*, 159 Me. 375, 377. If the officers are required to act in a judicial or deliberative capacity, the court cannot control their official discretion, but may compel them to exercise it. *Littlefield, Attorney General, et al.* v. *Newell, et al.*, 85 Me. 246, 249.

"Mandamus is an appropriate and necessary proceeding where a petitioner shows: (1) that his right to have the act done, which is sought by the

writ, has been legally established; (2) that it is the plain duty of the party against whom the mandate is sought to do the act, and in the doing of which no discretion may be exercised; (3) that the writ will be availing, and that the petitioner has no other sufficient and adequate remedy. *Dennett v. Mfg. Co.*, 106 Maine, 476, 478."
*Webster* v. *Ballou*, 108 Me. 522, 524.

"While authorities are numerous and in entire harmony upon the point in issue, we find a well expressed statement in a very recent note to *State v. Stutsman*, 776 Ann. Cases, 1914D, where the following language is used; 'When the law requires a public officer to do a specified act, in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character and performance may be compelled by mandamus if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance.' See also High's Extraordinary Legal Remedies, Sec. 24; Wood on Mandamus Page 19; extensive note to *Dane v. Derby*, (54 Maine, 95) found in 89 Am. Dec., 722; and extensive note to *State v. Gardner*, 98 Am. St. Rep., 858; *Denett v. Acme Mfg. Co.*, 106 Maine, 476."
*Nichols* v. *Dunton*, 113 Me. 282, 283, 284.

However, mandamus is available to promote justice when there has been an abuse of discretion which has resulted in manifest injustice. *Chequinn Corporation* v. *Mullen, et al., supra.*

It is here noted that the Appellant argues that the Assessor did not conduct a diligent investigation. If not, he undoubtedly could be compelled to make such an investigation,

as it was clearly his statutory duty to do so. However, we are not concerned with the claim of the Appellant in this respect. The Appellant does not seek to compel the Assessor to conduct a diligent investigation but to cause the properties of the Laboratories to be placed upon the tax rolls.

At this time we note also that the claim is made that the peremptory writ must strictly follow the alternative writ, and that if the full relief requested and ordered by the alternative writ cannot be granted no relief at all may be given. We consider such a harsh rule not applicable to the situation present in the instant case in which the peremptory writ does not enlarge upon the terms of the alternative writ, and orders the performance of only part of the acts referred to in that writ. It is sufficient for the purposes of this case to state that the peremptory writ was not broader in its terms than the alternative writ. We take this occasion, however, to suggest that we would not now be disposed to follow *Dane* v. *Derby,* 54 Me. 95, 102 insofar as that case holds that the peremptory writ may not grant relief short of the "full extent" requested and ordered by the alternative writ.

Was there a plain duty on the part of the Assessor to cause the property of the Laboratories to be placed upon the tax rolls?

Local assessors in this state have historically occupied a unique position as public officers. Their duties and authority are imposed by law. They are not liable to the direction and control of the municipality. A town has no power to abate a tax assessed by the local assessors. *Inhabitants of Brownville* v. *U. S. Pegwood and Shank Company,* 123 Me. 379, 382. R. S., 1954, Chap. 16, Sec. 68, as amended, gives the Assessor general supervision over the administration of the assessment and taxation laws of this state and over local assessors and all other assessing officers

in the performance of their duties. The provisions of this section, however, are not broad enough to authorize the Assessor to order the local assessors to include in the assessment rolls property considered by the local assessors to be tax exempt. Any authority on the part of the Assessor in this respect must be found, if any exists, in Section 72.

Under the provisions of Section 72 the Assessor has the power to order the reassessment of any or all real and personal property, or either, in any town where in his judgment such reassessment is advisable or necessary to the end that all classes of property in such town shall be assessed in compliance with the law. Assuming that this provision is broad enough to authorize the Assessor to order the local assessors to include in the tax rolls property theretofore carried as exempt property, we rule that under the terms of the statute action thereunder is entirely within the discretion of the Assessor. After receiving such an order the local assessors, upon failure to comply therewith, become liable for willful neglect of duty and subject to all penalties provided by law in such cases. Furthermore, the only appeal provided in such a case is by petition and appeal as from the original assessment. There is no provision for a hearing or for an appeal by the local assessors. Taking these factors into consideration, the Assessor might well hesitate to exercise his discretion by issuing such an order. The Assessor has the privilege of resorting to this procedure in all cases coming within the meaning of the statute but cannot be compelled by mandamus to do so.

In no other part of Section 72 is the Assessor empowered to control the action of the local assessors by ordering them to place property on the assessment rolls. He may thereunder direct the attorney general or the county attorney to institute legal proceedings to compel local assessors to comply with the provisions of law governing the assessment or taxation of property. In such event the local assessors

cannot be compelled to place property on the assessment rolls except after hearing and judgment against them. The Appellant does not ask that the Assessor be ordered to direct legal proceedings against the local assessors. He asks that the Assessor be ordered to cause the property to be placed upon the tax rolls, and the order in the alternative writ follows this request.

The alternative writ is regarded as the foundation of all the subsequent proceedings in the case. It should expressly and clearly state the precise thing which is required of the respondent. In its form and general features, the peremptory writ of mandamus differs only from the alternative writ in the omission of the alternative clause, substituting therefor a peremptory and absolute command against which no cause can be shown. It is tested by the same principles applicable in construing the sufficiency of the alternative writ. See High's Extraordinary Remedies, Sections 537, 538, 539, 548, and 564.

The *peremptory* writ of mandamus is a stern, harsh writ and when issued is an inflexible peremptory command to do a particular act without condition, limitation, or terms of any kind. Disobedience to its commands may subject the person against whom the writ is issued to proceedings for contempt. It is therefore essential that the mandate state the duty required in clear, distinct, and explicit terms. See *Bangor* v. *County Commissioners*, 87 Me. 294, 297. *Hartshorn* v. *Assessors of Ellsworth*, 60 Me. 276, 281; *Nolan* v. *McCoy* (R. I.) 73 A. (2nd) 693 (1950) ; 55 C. J. S. Mandamus, Secs. 318, and 319; 35 Am. Jur., Mandamus, Sec. 351 and 381.

An examination of the alternative writ discloses the following allegations, to wit, that it is the duty of the State Tax Assessor to exercise general supervision over the administration of the assessment and taxation laws of the

State of Maine, and over local assessors and all other assessing officers in the performance of their duties to the end that all property shall be assessed at their just value thereof in compliance with the laws of the state, and that it is the further duty of the State Tax Assessor to bring to the attention of the town assessors all cases in their respective towns consisting of failure to assess property liable to taxation, and it is his further duty to direct proceedings, actions, and prosecutions to be instituted to enforce all laws relating to the assessment and taxation of property.

The mandatory clause of the alternative writ commands the appellant to cause certain properties of the laboratories to be placed upon the assessment rolls.

It is clear that the commands of the peremptory writ cannot enlarge upon those contained in the alternative writ.

We have already determined that a direct order to the local assessors under Section 72 is entirely discretionary on the part of the Assessor. If the mandatory clause of the alternative writ was designed to order the Assessor to compel the local assessors to place the property on the tax rolls, on the theory that the Assessor had authority to do so under his general supervisory powers, the mandatory order was not proper because he had no general power to compel the local assessors to take such action. If it was the purpose of the alternative writ to compel the Assessor to direct the attorney general or county attorney to institute proceedings against the local assessors, the mandate does not so state with the clarity and explicitness to which the Assessor was entitled, and which the law requires to be given.

For the reasons hereinbefore stated no writ of mandamus may as a matter of law be issued to "cause to be placed upon the assessment rolls for taxation" real or personal property. At this point, under the facts peculiar to

this case, the entry as to the appeal poses a dilemma. Of the 13 points of appeal, all but 1 challenges the trial court's finding on the facts. The remaining point contends that the trial court erred in failing to order the peremptory writ upon the terms of the alternative writ. The effect of sustaining the appeal would imply that the appellant is entitled to all of the remedy which he seeks. A denial of the appeal would affirm the action of the trial justice and leave the peremptory writ in effect. Neither result is possible as a matter of law. We, therefore, dismiss the appeal and direct that both the peremptory and alternative writ be quashed. No costs to either party on appeal.

*So ordered.*