Roberta F. DUNSTON

v.

TOWN OF YORK, et al.

Supreme Judicial Court of Maine.

Argued Jan. 17, 1991.
Decided Jan. 17, 1991.
Opinion Issued April 29, 1991.

Elizabeth F. Stout (orally), Daniel R. Warren, Bean, Jones & Warren, Scarborough, for plaintiff.

John C. Bannon (orally), Murray, Plumb & Murray, Portland, for Town of York.

F. Paul Frinsko (orally), Catherine O'Connor, Bernstein, Shur, Sawyer & Nelson, Portland, for School Dist.

Michael E. Carpenter, Atty. Gen., Cabanne Howard (orally), Deputy Atty. Gen., Augusta, Amicus Curiae.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

By her appeal, Roberta F. Dunston [1] contends the trial court erred in granting a summary judgment in favor of the defendants, Town of York (Town) and Town of

---

1. The notice of appeal recited that "[p]laintiffs hereby provide notice that they appeal." M.R. Civ.P. 73(b) provides that the "notice of appeal is a pleading for the purposes of Rule 11." Rule 11 requires that all pleadings be signed by the attorney representing a party or by each of the pro se parties. Of the ten plaintiffs named on the complaint only Roberta F. Dunston signed the notice of appeal.

York School District (School District)[2] entered in the Superior Court (York County, *Fritzsche, J.*) on her complaint, pursuant to M.R.Civ.P. 80B, seeking a court order to compel the Town Selectmen either to place before the townspeople an article to rescind the vote of September 15, 1989, approving the construction of a new elementary school or to call a special town meeting. She also contends the court erred in holding that her claim under the provisions of 42 U.S.C. § 1983 (1981)[3] was frivolous and in awarding the defendants their attorney fees as provided in 42 U.S.C. § 1988 (1981).[4] We affirm the judgment.

On September 25, 1989, the voters of the Town approved a warrant article that authorized the School District to spend up to $5,081,000 to buy land and build a new elementary school. Within the following year the School District issued $900,000 worth of bond anticipation notes, bought land for $365,000 plus a land swap, and awarded a construction contract in excess of $3,000,000 with a completion date of October 13, 1991, obligating the School District to make monthly progress payments. The land at the site was cleared and construction begun.

Dunston and other members of a local political group opposed the plan for the new school from the outset but took no action after the 1989 vote until August 23, 1990, when they submitted to the office of the Town Clerk a petition requesting a special town meeting to consider an article rescinding the vote. The petition was validated and certified by the Town Clerk and scheduled for consideration at the next meeting of the selectmen. At that meeting on September 10, 1990, the selectmen voted not to place the article before the voters or take further action on the petition. On October 10, 1990, the present action was instituted. Each of the parties filed a motion for a summary judgment. The School District also requested an expedited hearing on the motions on the ground that it would be difficult if not impossible to sell securities to fund the bond anticipation notes due to mature the following month while the viability of the school construction project was in question. After a hearing, the court granted the defendants' motions and granted the defendants their attorney fees for the defense of the claimed violation of 42 U.S.C. § 1983.

The law is well established that a summary judgment pursuant to M.R.Civ.P. 56 is properly granted if no genuine issue of material fact remains and any party is entitled to such judgment as a matter of law. *Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me.1988). The thrust of the complaint in the present action was that the Town Selectmen had violated 30-A M.R.S.A. § 2522 (Pamph.1990), which provides that on the written petition of a sufficient number of voters "the municipal officers shall either insert a particular article in the next warrant issued or shall within 60 days call a special town meeting for its consideration." This section must, however, be read in conjunction with 30-A M.R.S.A. § 2521(4) (Pamph.1990) which provides an alternative method for calling a town meeting if the selectmen "unreasonably" refuse to do so. We interpret this alternative provision as recognizing the authority of the selectmen to exercise their sound discretion in determining whether the written petition required compliance with the provisions of section 2522. We have previously held that once a third party has acquired vested rights or acted to their detriment in

**2.** Without objection of the parties the Superior Court granted the motion of the Town of York School District to intervene as a party defendant in this action.

**3.** Section 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or any other proper proceeding for redress.

**4.** Section 1988 provides in pertinent part:
In any action or proceeding to enforce a provision of ... [42 U.S.C. §§ 1981–83] ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

reliance on a legally authorized vote the town may not reconsider that original vote. *See Inhabitants of the Town of N. Berwick v. State Bd. of Educ.,* 227 A.2d 462, 472 (Me.1967); *Parker v. Titcomb* 82 Me. 180, 182, 19 A. 162, 163 (1889). In this case the action authorized by the 1989 vote, the issuing of bonds for the construction of the school, clearly had been taken by the time the petition was submitted to the Town Clerk. In further reliance on the 1989 vote, the School District had entered into a construction contract and the rights of the third party noteholders and the construction company had long since vested.

 Here, the relief sought of securing a court order to compel the Town Selectmen to place before the townspeople an article to rescind the 1989 vote or to call a special town meeting to consider the matter was in the nature of an action for mandamus. The remedy of mandamus is statutorily available, *see* 14 M.R.S.A. § 5301 (1980), although the writ no longer exists in Maine. *See Young v. Johnson,* 161 Me. 64, 69, 207 A.2d 392, 395 (1965). The court is governed by the procedural requirements of M.R.Civ.P. 80B and advised by the common law principles that governed the writ. It is well established that mandamus can be used to compel officials to perform only mandatory, not discretionary, functions, although it may be used to compel them to exercise their discretion. *See id.* 161 Me. at 69, 207 A.2d at 395. In this case the selectmen exercised their discretion by refusing to grant the relief requested in the petition. The plaintiffs made no claim, nor could they on this record, that the selectmen had unreasonably refused to comply with the mandate of section 2522 or in any manner abused the discretion vested in them. Accordingly, we hold that the trial court properly determined that no genuine issue of a material fact remained in the case and that the defendants were entitled to a summary judgment as a matter of law, *see Pelletier v. Mellon Bank, N.A.,* 485 A.2d 1002, 1003–04 (Me.1985), and need not address the trial court's determination that the plaintiffs lacked standing to initiate this action as an alternative ground for granting the defendants' motions for a summary judgment.

 Nor do we find merit in Dunston's argument that the award of section 1988 attorney fees to the defendants was an abuse of the court's discretion. The record clearly reflects that Dunston did not pursue her section 1983 claim before the trial court, nor has she provided us with any justification for her request that we vacate that award. The trial court properly found the claim was "frivolous, unreasonable, or groundless" and awarded attorney fees to the defendants. *See Burr v. Town of Rangeley,* 549 A.2d 733, 735 (Me.1988); *see also Poire v. Manchester,* 506 A.2d 1160, 1164 (Me.1986). We find Dunston's appeal on this issue to be frivolous, and accordingly, pursuant to section 1988, we award the defendants additional attorney fees for the defense of this issue on appeal.

The entry is:

Judgment affirmed. Remanded to the Superior Court for determination of reasonable attorney fees to be paid to the Town of York and the Town of York School District for this appeal in accordance with the opinion herein.

All concurring.