STATE OF MAINE                                    SUPERIOR COURT
                                                      CIVIL ACTION
YORK, ss.                                   DOCKET NO. AP-07-020
                                             PAF - YOR - 7/3/8-07


JEANETTE LEMAY, et al.,

                Plaintiffs
                                                              DONALD L. GARBRECHT
                                          ORDER                LAW LIBRARY
        v.                                 AND               OCT 17 2007
                                          DECISION

TOWN OF BERWICK,

                Defendant


The plaintiffs are residents of the Town of Berwick who are representing

themselves as they attempt to navigate the complexities of filing and prosecuting a civil

complaint in this Court.

The plaintiffs apparently belong to an unincorporated association called the

Berwick Citizens Committee which presented a petition to the Berwick Board of

Selectmen in November of 2006 calling for a building moratorium. When that petition

was rejected the Committee presented a new written petition on January 21, 2007 to

change the Berwick Land Use Ordinance to provide additional protection to wetlands.

The proposed amendments would also restrict development.

The petition contained the signatures of "a number of voters equal to at least 10%

of the number of votes cast in the town at the last gubernatorial election ..." 30-A

M.R.S.A. §2522. On March 20, 2007 the Selectman at a regularly scheduled meeting

voted 4-1 to not place the proposed changes before the voters.

The initial document filed with this Court was called an appeal and was filed on

May 8, 2007. The petitioners indirectly sought an order that "... the municipal officers

shall either insert a particular article (the proposed land use ordinance changes) in the next warrant issued or shall within 60 days call a special town meeting for its consideration." 30-A M.R.S.A. §2522.

The plaintiffs next filed on June 6, 2007 a document entitled "declaratory judgment" and also filed on June 6, 2007 a petition for review of governmental action pursuant to Rule 80B, M.R.Civ.P. The defendant has filed a motion to dismiss.

As it is early in the case the plaintiffs are granted leave to amend their complaint and all three documents will be considered.

The next question is whether the portions of their complaints that have been brought under Rule 80B are timely. Assuming that 80B is the proper procedural method of challenging the decision of the Board of Selectmen to not place the petition before the voters, the complaints under Rule 80B are untimely. Since there is no time limit provided by statute the "complaint must be filed within 30 days after notice of any action ... of which review is sought ..." Rule 80B(b), M.R.Civ.P. The time can be enlarged under Rule 6(b), M.R.Civ.P. if there was "... excusable neglect ...." Here the time limits under Rule 80B are contained in the published court rules and there is no excusable neglect in not filing on time. While it is difficult for individuals to represent themselves the absence of a lawyer does not in itself allow for an extension of deadlines.

Assuming that a declaratory judgment action is a proper means of bringing the complaint before this Court, it is timely.

In *Buck v. Town of Yarmouth*, 402 A.2d 860 (Me. 1979) the Law Court decided, in upholding a Superior Court decision by a vote of 5-2, that an earlier version of 30-A M.R.S.A. §2522, see then 30 M.R.S.A. §2053, required that the plaintiffs demonstrate standing by alleging a "special injury different from that incurred by any other voter," at 861, quoting *Von Tiling v. City of Portland*, 268 A.2d 888, 890 (Me. 1970). Here there is

2

no allegation that the plaintiffs have a particularized injury different from any other Berwick resident. While I would agree with the dissent, at 868, that the rule announced by the majority in *Buck* is "antiquated and unduly constraining" it is not necessary to reach that issue.

In *Dunston v. Town of York*, 590 A.2d 526 (Me. 1991) voters in York submitted a written petition with sufficient signatures seeking to reverse a decision to build a new elementary school where land had been purchased, bonds issued and a construction contract signed. The Law Court indicated that, "This section (30-A M.R.S.A. §2522) must, however, be read in conjunction with 30-A M.R.S.A. §2521(4) ... which provides an alternative method for calling a town meeting if the selectmen 'unreasonably' refuse to do so. We interpret this alternative provision as recognizing the authority of the selectmen to exercise their sound discretion in determining whether the written petition required compliance with the provisions of section 2522."

The Selectmen voted to not place the petition before the voters because of their concern that the retroactivity provisions might not be legal. A majority of the Selectmen also apparently believed that the enactment of the ordinance would be an unwise policy choice. The decision to not go forward given the legitimate dispute over the legality of the ordinance is, however, within the Board's discretion.

The remedy for the plaintiffs is to utilize 30-A M.R.S.A. §2521(4) which states, "If the selectmen unreasonably refuse to call a town meeting, a notary public may call the meeting on the written petition of a number of voters equal to at least 10% of the number of votes cast in the town at the last gubernatorial election."

A notary can call a town meeting and the people can vote. If the proposed ordinance is defeated the voters have decided. If the proposed ordinance is enacted the legality of the ordinance can be tested later.

3

The entries are:

The complaints of the plaintiffs are dismissed without prejudice and without costs.

Dated:        July 3, 2007

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
JEANETTE LEMAY
181 CRANBERRY MEADOW RD
BERWICK ME    03903

MICHAEL DEBOLD
CHRISTINA DEBOLD
75 OLD PINE HILL RD N
BERWICK ME    03901

RICK BURNS
55 SCHOOL ST
BERWICK ME    03901

DEFENDANT TOWN OF BERWICK & SELECTMEN
ALAN E SHEPARD ESQ
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME    04043-7086

4