Stella M. SALTONSTALL, et al.

v.

Robert D. CUMMING, et al.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1987.
Decided March 8, 1988.

William Fenton (orally), Fenton, Chapman, Fenton, Smith & Kane, P.A., Bar Harbor, for plaintiff.

David P. Silk (orally), Peter Murray, Murray, Plumb & Murray, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

The plaintiffs, Stella and David Saltonstall, appeal from a summary judgment on Count II of their complaint entered by the Superior Court, Hancock County, in favor of the defendants, Robert and Jean Cumming. The Saltonstalls contend that the court erred by concluding that a deed granting them "a right-of-way for all purposes of a way" over the Cummings' prop-erty could not, as a matter of law, be interpreted to include the right to install utility lines along the length of the right-of-way. We vacate the summary judgment.[1]

A party seeking summary judgment pursuant to M.R.Civ.P. 56 must establish that there is no genuine issue as to any material fact. If no genuine issue of material fact remains, the trial court must render judgment if any party is entitled to such judgment as a matter of law. *Pelletier v. Mellon Bank N.A.*, 485 A.2d 1002 (Me.1985). We apply this rule to the record before us to determine whether the trial court was justified in finding that there was no genuine issue as to any material fact and that the Cummings were entitled to summary judgment as a matter of law.

The deed in question was executed in 1929 (by predecessors-in-title to both the Cummings and Saltonstalls) and provided that the grantors convey to the grantee a "right-of-way for all purposes of a way." Our prior cases have established that when, as here, the purposes of an express easement are not specifically provided, they are to be determined by the presumed intent of the parties at the time the grant is made. The parties' presumed intent must be determined "in light of the circumstances surrounding and leading to the execution of the deed." *Ware v. Public Serv. Co. of N.H.*, 412 A.2d 84 (Me. 1980); *Cleaves v. Braman*, 103 Me. 154, 68 A. 857 (1907). From the record before us, we conclude that there is a genuine issue of fact concerning the intent of the original parties to the deed.

We hold that it was error for the trial court to conclude as a matter of law that the quoted language could not be interpreted to include utilities. At the same time, nothing in the record before us compels us to conclude that as a matter of law the

1. The Cummings contend that the trial court erred by denying their request for summary judgment on Count I of the Saltonstalls' complaint alleging a prescriptive right to construct utility poles along another portion of the Cummings' property. This interlocutory ruling was reported to this Court pursuant to M.R.Civ.P. 72(c). We reserve the right to make an "independent determination whether in all the cir-cumstances of a given case [our] decision 'on report' would be consistent with the Court's basic function as an appellate tribunal." *Matheson v. Bangor Pub. Co.*, 414 A.2d 1203, 1205 (Me.1980). Because the record before us contains insufficient facts to allow us to properly address this issue, we discharge the report. *See State v. Colburn*, 134 Me. 494, 182 A. 210 (1936).

quoted language *does* include such a right. Whether in view of the surrounding circumstances, the original parties to the grant intended that the scope of the easement be broad enough to include the installation of utility lines is a question of fact that must be decided on remand after the parties have had the opportunity to present evidence.

The entry is:

Judgment vacated.

Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.