Robert McKENNEY

v.

Louis LABBE et al.

Supreme Judicial Court of Maine.

Submitted on Briefs March 8, 1991.

Decided April 1, 1991.

Richard W. Elliott, II, Elliott & Elliott, Boothbay Harbor, for plaintiff.

H. Peter DelBianco, Jr., Black, Lambert, Coffin & Rudman, Portland, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The plaintiff, Robert McKenney, by and through his father and next friend, Charles McKenney, appeals from the summary judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) for the defendants, Brunswick police officers Louis Labbe and Robert Ramsey, the Town of Brunswick, and its Police Chief, Donald Girardin, on McKenney's claim for damages, pursuant to 42 U.S.C. § 1983 (1981),[1] arising out of the alleged unlawful arrests of McKenney by the defendant officers. We hold that the court properly determined that the defendants had immunity from civil liability in this case and affirm the judgment. Accordingly, we need not address the defendants' cross-appeal challenging the court's consideration of the affidavits filed by McKenney.

The following uncontroverted facts were developed in connection with the motion for summary judgment: On November 28, 1988, while walking across the yard of the Brunswick High School, McKenney was arrested by Officer Ramsey for criminal trespass in violation of 17–A M.R.S.A. § 402 (1983 & Supp.1990).[2] The vice principal of

---

1. Section 1983 provides in pertinent part:

 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 17–A M.R.S.A. § 402 provides in pertinent part:

 1. A person is guilty of criminal trespass if, knowing that he is not licensed or privileged to do so:

 . . . .

 D. He remains in any place in defiance of a lawful order to leave, which was personally communicated to him by the owner or other authorized person; or

 E. He enters any place in defiance of a lawful order not to enter, which was personally communicated to him by the owner or other authorized person.

 2. Violation of subsection 1, paragraph ... D or E, is a Class E crime.

the high school had previously advised Ramsey that school officials had warned McKenney not to enter school property. McKenney denied that he had received such a warning. After consultation with a probation officer, McKenney was released. The following morning, the police department was notified that McKenney was again on the school premises, but before the responding officer reached the school McKenney had left the area. That afternoon Officer Labbe, who was aware of the incident of that morning, observed McKenney on the grounds of a mobile home park. Labbe knew that the owner of that property had told McKenney that he was not permitted on the premises and arrested McKenney for criminal trespass. McKenney acknowledges that the owner of the mobile home park had forbidden McKenney to enter those premises, but claimed the warning had been issued several years before by a previous owner. McKenney was released to his parents' custody and no criminal charges against him resulted from either arrest.

By his complaint filed June 6, 1989, McKenney sought damages from the defendant police officers for the alleged wrongful arrests in violation of his constitutional rights to equal protection and due process and from the Town for its alleged customs or policies that allowed the claimed unlawful arrests to occur. After a hearing on the defendants' motion for a summary judgment, the court determined that no genuine issue of material fact had been generated in this case and, relying on *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), found that the defendants were entitled to immunity from personal liability for any damages claimed by McKenney. McKenney appeals from the summary judgment for the defendants that was entered on the court's order granting the defendants' motion.

McKenney contends that there were genuine issues as to material facts with regard to both arrests and that the court erred in its determination that the defendants were entitled to immunity from damages. He argues, as he did before the trial court, that as to his arrest by Officer Ramsey on November 28 there was a dispute whether he had in fact been warned by school officials not to enter on the high school premises. As to his arrest by Officer Labbe on November 29, he argues that there was a dispute whether he was presently forbidden by the owner to enter the mobile home park premises. Further, he contends that there was a dispute whether he had signed a conditional release agreement following his first arrest and whether the probation officer had instructed Labbe to arrest McKenney for a violation of that agreement. Because of these factual disputes, McKenney claims that he generated a genuine issue as to the material fact of whether there was probable cause for his arrest on either occasion. We disagree.[3]

The law is well established that a motion for a summary judgment must be granted if the record discloses that there is no genuine issue as to a material fact and that any party is entitled to a judgment as a matter of law. *See* M.R.Civ.P. 56(c); *Saltonstall v. Cumming,* 538 A.2d 289, 290 (Me.1988). In actions brought pursuant to 42 U.S.C. § 1983, the test for entitlement to immunity from damages "eliminates from consideration allegations about the official's subjective state of mind, such as bad faith or malicious intention, concentrating the inquiry upon the 'objective reasonableness' of the official conduct," so that the immunity of a police officer performing the discretionary function of a warrantless arrest is "pierced only if there *clearly* was no probable cause at the time the arrest was made." *Floyd v. Farrell,* 765 F.2d 1, 4–5 (1st Cir.1985) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)) (emphasis added).

**3.** We agree with McKenney's contention that, even if he had signed a conditional release agreement after his first arrest, Officer Labbe could not base the second arrest on his knowledge of McKenney's entry on the school premises on the morning of November 29, since the entry did not occur in Labbe's presence. *See* 15 M.R.S.A. § 3203–A(9) (Supp.1990); 17–A M.R.S.A. § 15(1)(A) (Supp.1990).

"Probable cause to arrest exists whenever facts and circumstances within the knowledge of the police and of which there was reasonably trustworthy information would warrant a prudent and cautious person to believe that the arrestee had committed the crime." *State v. Candage,* 549 A.2d 355, 360 (Me.1988).

 Here, although McKenney generated the factual issue of whether, prior to his arrest on November 28, the school officials actually had warned him not to enter the high school premises, that issue is immaterial to the present action against the police officers and the Town. Since McKenney admittedly had no personal knowledge of the communications between the school authorities and the police department, he failed to contradict the assertion that the vice principal of the school advised Officer Ramsey that such a warning had been given to McKenney. McKenney's arrest on November 29 by Officer Labbe was based on Labbe's personal knowledge that the owner of the mobile home park had previously forbidden McKenney to enter the premises. Although McKenney claimed that warning was no longer in effect, nothing in this record discloses that Labbe had any contrary information at the time he arrested McKenney for criminal trespass on the mobile home park property. Because the defendants met their burden of establishing that there was no genuine issue of material fact in relation to their entitlement to immunity, *see Saltonstall v. Cumming,* 538 A.2d at 290, the trial court properly held that the police officers had probable cause for the arrests and that the defendants were entitled to a summary judgment as a matter of law. *See Floyd v. Farrell,* 765 A.2d at 5.

The entry is:

Judgment affirmed.

All concurring.

