STATE OF MAINE                                      SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                          DOCKET NO. RE-04-028

LINDSEY GREENE CONDOMINIUM
ASSOCIATION,

              Plaintiff

                                                   **JUDGMENT AND OPINION**
       v.                                          (TITLE TO REAL ESTATE AFFECTED)


MARCIA E. SANSOUCIE and
RAYMOND L. ALLAIN,

              Defendants


PARTIES

PLAINTIFF – The plaintiff is Lindsey Greene Condominium Association of 1627 Post Road in Wells, Maine. It was represented by Attorney James B. Bartlett of York, Maine.

DEFENDANTS – The original defendants were George Primeau and Linda (Primeau) McDermott. They have sold their property to the current owners and defendants Marcia Sansoucie and Raymond Allain who were represented by attorney Alan E. Shepard of Kennebunk, Maine.

DOCKET NUMBER – The docket number is RE-04-28.

NOTICE – All parties received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

DESCRIPTION OF REAL ESTATE – The plaintiff association owns the land described in a deed of June 27, 1979 from Richard Glanville to William Case and Brenda Case recorded at Book 2530, page 156. The property has about 42 feet of frontage on Post Road also known as United States Route 1.

       The defendants are the current owners of the property known as the Lindsey Tavern and described in a deed from George Primeau and Linda McDermott, formerly Linda Primeau, of November 19, 2004 to Marcia E. Sansoucie and Raymond L. Allain which is recorded at Book 14295, page 87.

## THE DISPUTE

The dispute is over a "right of way for ingress and egress, running from Route 1, approximately 100 feet easterly and entering the remaining premises of the Grantor (the defendants) as said way is now laid out and traveled." This right of way is on the northerly side of the defendants' property and forms a portion of the internal roads of the plaintiff. More precisely the question is whether the current owners who run a busy, apparently successful, restaurant have overburdened the easement by using it as a means of egress for their many customers.

The Lindsey Tavern has a long and varied history dating to the Federalist era in American history. Its most distinguished early guest was Marquis de Lafayette. It was used as a tavern for many years.

The property, however, was no longer used as a tavern or restaurant starting around 1957 or 1958 when Richard Glanville owned the property and resided there with his wife Emily. Mr. Glanville had inherited the property and moved there from central Massachusetts. Mr. Glanville did expand the number of cottages in the rear portion of the property and he sold the back land and cottages to the Cases in 1979 reserving the front land including the tavern property. The 1979 deed to the Cases reserved the right of way for ingress and egress on the northerly side of the tavern. By about February 1983 the tavern property was sold to Ralph "Rocky" Aronheim and Roberta Aronheim. A restaurant was then re-opened after an approximately 25-year gap when the Lindsey Tavern was used solely for residential purposes.

The tavern building has been expanded and the restaurant business has grown as the ownership and focus of the business changed from the Aronheims to the Primeaus to the current owners who run Marcia's Mexican Cantina.

The current restaurant has its customers drive in from the south into a parking lot and then exit through an opening in a stockade fence which was erected by the plaintiff, turn left onto the right of way and then proceed a short distance back to Route 1 where the customers can turn right or left. The plaintiffs are concerned that customers often drive carelessly as they exit the restaurant property. They claim that the current use of the right of way overburdens it and is not consistent with the intention of the parties when the easement was created in 1979.

In *Guild v. Hinman*, 695 A.2d 1190, 2 (Me. 1997) there was "a right of way of reasonable and convenient width" which was granted in 1923. It was determined that the right of way did not include the right to install power lines. An earlier case *Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me. 1988) stated, in a case involving a "right-of-way for all purposes of a way" that, "...when, as here, the purposes of an express easement are not specifically provided, they are determined by the presumed intent of the parties at the time the grant is made."

The purposes of the right of way in this case are specifically provided. They are for "ingress and egress" and are in a fixed location and width where the way had been "now laid out and traveled." There is no ambiguity.

If we were to examine the presumed intent, in the absence of specifically provided purposes, Mr. Glanville was reserving the right to enter or exit his property on the north side. He was also attempting to market a property on Route 1 that had been, could be and would be used for commercial purposes. There is no suggestion that he wished to restrict his rights to use the right of way solely to residential purposes or to limit its use by future owners.

While the use of the easement has increased as the restaurant business changed and grew there is not an overburdening of the easement. However, there are several

3

changes which both sides of this dispute could consider. The plaintiff could reduce the height or length or both of the fence to provide better visibility for and of vehicles exiting Marcia's Mexican Cantina. The defendants could place larger stop signs at the entrance to the right of way.

The entry is:

Judgment for the defendants on the complaint. It is declared that the defendants have the right to use the right of way described at Book 2530, page 156 and Book 14295, page 87 for purposes of ingress and egress from their property for both business and residential purposes.

The defendants are responsible for recording an attested copy of the judgment and paying the appropriate recording fee.

Dated: July 5, 2006

Paul A. Fritzsche
Justice, Superior Court

The appeal period has expired without action or the final judgment has been entered after remand following appeal.

Dated:_____    _____
                                              Clerk

PLAINTIFF:
JAMES B BARTLETT ESQ
BERGEN & PARKINSON
PO BOX 836
YORK ME   03909

DEFENDANTS:
ALAN SHEPARD ESQ
SHEPARD & READ
93 MAIN ST
KENNEBUNK ME   04043-7086

4