STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

APR 27 2017

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-096

JEREL BABCOCK and
SHIELA BABCOCK,

        Plaintiffs,

v.

KIMBERLY J. ALLEN and
MAX HARVEY GARCIA,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANTS' MOTION
FOR PARTIAL SUMMARY
JUDGMENT

Before the court is Defendants' motion for partial summary judgment regarding a right-of-way in Durham, Maine.

I. Procedural history

Francis Babcock, the owner of two abutting properties, died intestate in 2003. (Def's' S.M.F. ¶¶ 1-2, 15.) After numerous meetings of his heirs, in 2004 the properties were conveyed to the current owners, Plaintiff Jerel Babcock and Defendant Kimberly Allen, by the personal representative (PR) for the estate, Wilbert Babcock. (Def's' S.M.F. ¶¶ 20, 22.) The deeds included language whereby the "Allen Property" was burdened by a right-of-way to benefit the "Babcock Property" "for ingress and egress and utility service. . . on or beside an existing unpaved roadway." (Def's' S.M.F. ¶ 27.)

On December 8, 2015 (amended on December 16, 2015), Plaintiffs filed a complaint asking the court, *inter alia*, to determine the location and width of the right-of-way. (Count I; Pl.'s Compl. 5.) On January 25, 2016, Defendants answered and filed counterclaims. On February 2, 2016, Plaintiffs answered Defendants' counterclaims. On February 10, 2017, Defendants filed a motion for partial summary judgment on Count I of Plaintiffs' complaint. Defendants assert there is no genuine issue over the width of

the right-of-way granted to Plaintiffs by the deeds. (Def's' Mot. Summ. J. 15.) Plaintiffs filed their opposition on March 13, 2017, and Defendants replied on March 23, 2017.

II. Standard of review

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews the materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. The party opposing a summary judgment must point to specific facts showing that a factual dispute does exist in order to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897; *Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220. The evidence offered to establish a dispute as to a material fact submitted in opposition to a motion for summary judgment, "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

III. Discussion

The issue for which Defendants seek judgment is the width of the right-of-way burdening the Allen property. Defendants assert that the deeds granted an approximately 10-foot-wide right-of-way, similar in width to the referenced "existing unpaved roadway." (Def's' Mot. Summ. J. 15.) Plaintiffs assert the right-of-way is at

least 50 feet wide. (Pl.'s Opp. 2.) At the time of the conveyance and since, the Durham Back Lot Development Ordinance required the lots of owners lacking frontage on a Town accepted road to be legally accessible by a 50-foot wide right-of-way deeded to the owners in order for them to develop the lots. (Pl.'s Opp. S.M.F. ¶ 51.)[1] The Babcock property is landlocked. (Pl.'s S.M.F. ¶ 3.) Hence, without a 50-foot wide easement, Plaintiffs' cannot build. Plaintiffs argue that the grant of the right to install utility service indicates their lot can be developed, and that the right-of-way is at least 50 feet wide to satisfy the Ordinance. (Pl.'s Opp. ¶ 3.)[2]

The construction of language creating an easement is a question of law. *Sleeper v. Loring*, 2013 ME 112, ¶ 10, 83 A.3d 769. The cardinal rule for deed interpretation is the expressed intention of the parties, gathered from all parts of the instrument, giving each word its due force, read in the light of existing conditions and circumstances, and looking at the instrument as a whole. *Id.* ¶ 12; *Jordan v. Shea*, 2002 ME 36, ¶ 14, 791 A.2d 116; *Fine Line, Inc. v. Blake*, 677 A.2d 1061, 1063 (Me. 1996). When interpreting a deed whose terms are not ambiguous, there is no speculation about the grantors' actual or probable objectives, and the court relies solely upon the language found in the deed. *Sleeper*, 2013 ME 112, ¶ 16, 83 A.3d 769.

Here, the deeds expressly state the permissible uses for the right-of-way as "ingress and egress and utility service" (Def's' S.M.F. ¶ 27.) However, the width is

---

[1] Defendants note the Plaintiffs did not property authenticate the document they identified as the "Durham Back Lot Ordinance," but admit the ordinance's contents as described by Plaintiffs. (Def's' Reply S.M.F. ¶ 51; Pl.'s Opp. ¶ 51; Pl.'s Opp. Ex. C.)
[2] Plaintiffs rely on *Williband* to argue the silence of the deeds as to a right-of-way's width should be construed as a grant of width suitable and convenient for ordinary uses, but the *Williband* holding only applies, unlike in this case, where the purpose of the grant is set forth in the deed. (Pl.'s Opp. 3-4; *Willband v. Knox Cnty. Grain Co.*, 128 Me. 62, 71, 145 A. 405, 409-10 (1929).)

described only as "on or beside an existing unpaved roadway." (Def's' S.M.F. ¶ 27.) Defendants assert this language unambiguously states that the parties intended for the right-of-way to be not wider than the referenced roadway. (Def's' Mot. Summ. J. 7.) Plaintiffs do not dispute the deeds are unambiguous, or the width of the referenced roadway, but assert that the words "on or beside" were not intended to limit the right-of-way to the 10-foot width of the referenced roadway. (Pl.'s Opp. 2-3.)

Viewing the materials in a light most favorable to Plaintiffs, the court does not agree that the plain language of the deeds ("on or beside an existing unpaved roadway") limits Plaintiffs' right-of-way to the 10-foot width of the referenced roadway, as asserted by Defendants. The words "on or beside" demonstrate the intent of the grantor to grant not only the width of the referenced roadway, but some amount "beside" it as well. There remains a genuine issue of material fact as to the exact width of the right-of-way that was intended by the parties to the deed. Therefore, a summary judgment is denied. *See Saltonstall v. Cumming*, 538 A.2d 289, 290-291 (Me. 1988).

IV. Conclusion

Defendants' motion for partial summary judgment on Count I of Plaintiffs' complaint is DENIED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 4/27/17

MaryGay Kennedy
Justice, Superior Court

JEREL BABCOCK - PLAINTIFF

Attorney for: JEREL BABCOCK
STEPHEN WHITING  - RETAINED 12/08/2015
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

SHEILA BABCOCK  - PLAINTIFF

Attorney for: SHEILA BABCOCK
STEPHEN WHITING  - RETAINED 10/08/2015
THE WHITING LAW FIRM, PA
75 PEARL ST
SUITE 207
PORTLAND ME 04101-4101

v.
KIMBERLY JANE ALLEN  - DEFENDANT

Attorney for: KIMBERLY JANE ALLEN
PAUL F DRISCOLL  - RETAINED 01/25/2016
NORMAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600

Attorney for: KIMBERLY JANE ALLEN
LEONARD I SHARON  - RETAINED 04/20/2017
LEONARD SHARON ESQ PC
223 MAIN STREET

AUBURN ME 04210-5833

Attorney for: KIMBERLY JANE ALLEN
SHANE T WRIGHT  - RETAINED 01/25/2016
NORMAN HANSON & DETROY LLC
100 LISBON STREET
PO BOX 7230
LEWISTON ME 04243-7230

MAX GARCIA  - DEFENDANT

Attorney for: MAX GARCIA
PAUL F DRISCOLL  - RETAINED 01/25/2016
NORMAN HANSON & DETROY LLC
TWO CANAL PLAZA
PO BOX 4600
PORTLAND ME 04112-4600

Attorney for: MAX GARCIA
LEONARD I SHARON  - RETAINED 04/20/2017
LEONARD SHARON ESQ PC
223 MAIN STREET

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-RE-2015-00096

**DOCKET RECORD**

AUBURN ME 04210-5833

Attorney for: MAX GARCIA
SHANE T WRIGHT  - RETAINED 01/25/2016
NORMAN HANSON & DETROY LLC
100 LISBON STREET
PO BOX 7230
LEWISTON ME 04243-7230


Filing Document: COMPLAINT Minor Case Type:  EASEMENTS
Filing Date: 12/08/2015

## Docket Events:
12/08/2015 FILING DOCUMENT - COMPLAINT FILED ON 12/08/2015


12/08/2015 Party(s):  JEREL BABCOCK
          ATTORNEY - RETAINED ENTERED ON 12/08/2015

          Plaintiff's Attorney: STEPHEN WHITING

          Party(s):  SHEILA BABCOCK
          ATTORNEY - RETAINED ENTERED ON 10/08/2015

          Plaintiff's Attorney: STEPHEN WHITING

12/17/2015 Party(s):  JEREL BABCOCK,SHEILA BABCOCK
          SUPPLEMENTAL FILING - AMENDED COMPLAINT FILED ON 12/16/2015


01/12/2016 Party(s):  KIMBERLY JANE ALLEN
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 01/04/2016

          KIMBERLY ALLEN THROUGH SHANE WRIGHT, ESQ.

01/12/2016 Party(s):  KIMBERLY JANE ALLEN
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 01/11/2016


01/12/2016 Party(s):  MAX GARCIA
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 01/04/2016

          MAX GARCIA THROUGH SHANE WRIGHT, ESQ.

01/12/2016 Party(s):  MAX GARCIA
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 01/11/2016


01/27/2016 Party(s):  KIMBERLY JANE ALLEN,MAX GARCIA
          RESPONSIVE PLEADING - ANSWER & COUNTERCLAIM FILED ON 01/25/2016

          TO AMENDED COMPLAINT